## HERTZ et al. v. RECORD PUB. CO. OF ERIE et al.

### Civ. A. No. 149.

United States District Court
W. D. Pennsylvania.

Feb. 1, 1952.

S. Y. Rossiter, of Erie, Pa., and Charles E. Kenworthey (Reed, Smith, Shaw & McClay), of Pittsburgh, Pa., for plaintiffs.

William W. Knox, of Erie, Pa., and Lowell Goerlich (Lamb, Goerlich & Mack), of Toledo, Ohio, for defendants.

690

BURNS, District Judge.

The instant complaint asks this Court to compel defendant corporation to issue its certificate for 150 shares of its common stock in the name of plaintiff Horvitz. As originally filed, the complaint named only the corporation itself as defendant. When defendant moved to dismiss, however, and asserted as a ground therefor that the President and Secretary of the Corporation were indispensable parties, plaintiffs sought and received court permission to amend their complaint by adding, as party defendants, the president and secretary of the corporate defendant.

It thereafter appeared that Edward Lamb, Esq., president of the corporate defendant, is a citizen of the same state as are plaintiffs; and the jurisdiction of this Court has been invoked upon the basis of diversity of citizenship. Consequently, plaintiffs have now moved to drop Mr. Lamb as a party defendant. The motion is opposed under the theory that Mr. Lamb is an indispensable party to the proceedings.

█ Ordinarily, the first question necessary for consideration would be whether this Court, in determining the status of Mr. Lamb, must apply the Federal Rules of Civil Procedure or those of the Commonwealth of Pennsylvania. Kroese v. General Steel Castings Corp., 3 Cir., 1950, 179 F.2d 760, 761–762, footnote 1, 15 A.L. R.2d 1117, indicates that, in this · Circuit, the determination of indispensable parties is governed by state law rather than by federal law. See 2 Barron & Holtzoff, '51 P.P., § 511, pages 7–8, for discussion of this aspect of the Kroese decision. In this instance, however, it would appear that the rules of Pennsylvania do not differ from those set forth in the Federal Rules of Civil Procedure, 28 U.S.C.A. Indeed, the notes prepared by the Procedural Rules Committee, in commenting upon the Rules of Civil Procedure of the Common-

wealth of Pennsylvania, in connection with Rules 2226 to 2232, inclusive, "Joinder of Parties", 12 P.S.Appendix, indicate that the Federal Rules of Civil Procedure were followed closely in promulgating the Pennsylvania rules.

█ The Court of Appeals of this Circuit has recently set forth at some length, in two opinions, its interpretation of "indispensable" parties, "necessary" parties, and "proper" parties. See McArthur v. Rosenbaum Co. of Pittsburgh, 3 Cir., 1950, 180 F.2d 617, 621–622, and Hook v. Hook & Ackerman, 3 Cir., 1951, 187 F.2d 52, 59–60, footnote 7. Analysis of the comments contained therein discloses substantial agreement with Barron & Holtzoff. See 2 Barron & Holtzoff, 1950 ed., § 511, 512, 513. As a person having an interest in the subject matter of the litigation, but who has no interest in the controversy between the immediate litigants, Mr. Lamb would be a "proper" party; but since he does not have such an interest in the subject matter that a final decision cannot be made without either affecting his interest or leaving the controversy in such condition that a final determination might be wholly inconsistent with equity and good conscience, he is not an indispensable party. Cf. Kroese v. General Steel Castings Corp., supra.

█ It might also be noted that the by-laws of the corporate defendant, a copy of which by-laws has been furnished to this Court, provides only that "the proper officers of the company execute the certificates", when capital stock of the Company is issued to persons according to their proper subscription. Thus, the by-laws as such do not require that the president of the corporate defendant always execute such certificates, and this Court would lack the power to assimilate the corporate practice of having its president execute such certificates into an inflexible by-law of the corporation.