Larue R. CAMPBELL, as an individual; Scott Campbell and Barrie Campbell, both minors, who sue by their guardian ad litem, Larue R. Campbell, Plaintiffs,

v.

PACIFIC FRUIT EXPRESS COMPANY, a corporation, Defendant.

No. 3274.

United States District Court
D. Idaho, S. D.
Feb. 4, 1957.

**210**

John T. Hawley of Hawley & Hawley, Boise, Idaho, for plaintiffs.

L. H. Anderson, Pocatello, Idaho, for defendant.

TAYLOR, District Judge.

This matter is before the Court on the defendant's motions to dismiss and for a summary judgment. The Court's jurisdiction is based on diversity of citizenship, as the plaintiffs are citizens of Idaho and the defendant is a Utah corporation. 28 U.S.C.A. § 1332.

On December 27, 1955, while E. Carvell Campbell, a salesman for the Denver Fire Clay Company, was inspecting an annealing furnace located on the defendant's premises at Nampa, Idaho, he was struck and fatally injured by the furnace door. His widow and two of his sons bring this action under Idaho's wrongful death statute, § 5–311, Idaho Code. Brent Kirkham Campbell, another of decedent's sons, and a citizen of Utah, is not a party to this action. The defendant contends that the suit should be dismissed because all of the real parties in interest are not joined as parties plaintiff, and because it was a statutory employer of decedent, and, therefore, not subject to an action under the wrongful death statute.

■ The absence of an indispensable party is ground for dismissal of the action. Ducker v. Butler, 70 App.D.C. 103, 104 F.2d 236, 238; Neher v. Harwood, 9 Cir., 128 F.2d 846, 847, 158 A.L.R. 1116; Keegan v. Humble Oil & Refining Co., 5 Cir., 155 F.2d 971, 973; Young v. Garrett, D.C.Ark.1943, 3 F.R.D. 193, 194, affirmed, 8 Cir., 149 F.2d 223; 2 Barron and Holtzoff, § 516.

■ " ' * * * Each case must be determined on its own facts. The fundamental principles are simple. They are: (1) Where federal jurisdiction rests on diversity of citizenship the diversity must be complete, and to see whether it is, all parties will be aligned as plaintiffs or defendants according to their real interests; (2) A court cannot adjudicate the rights of persons who are not parties before it; they will be brought in if possible and if they will not destroy diversity. (3) If diversity will be thereby destroyed the court will not require them to be brought in, but will enquire if there is any relief it can properly give without them; if there is, it will give it without prejudice to the rights of the absent; if none can be given the suit will be dismissed. In the latter event the dismissal is not for want of federal jurisdiction, but for lack of indispensable parties. See Federal Rules of Civil Procedure No. 19, 28 U.S.C.A.' " Young v. Powell, 5 Cir., 179 F.2d 147, 151,

certiorari denied 339 U.S. 948, 70 S.Ct. 804, 94 L.Ed. 1362.

 Joinder of parties is a matter of procedure. 1 Barron and Holtzoff, § 138. In diversity of citizenship cases the procedure is governed by the federal rules. Ibid., 1956 Pocket Part. In § 511 the authors state that Rule 19, Federal Rules of Civil Procedure, 28 U.S.C.A., is procedural and consequently the joinder of parties and the determination of what parties are indispensable are matters governed by the rules and not by state law. See: Chicago, M., St. P. & P. R. Co. v. Adams County, 9 Cir., 72 F.2d 816, 818; De Korwin v. First Nat. Bank of Chicago, 7 Cir., 156 F.2d 858, 860, certiorari denied 329 U.S. 795, 67 S.Ct. 481, 91 L.Ed. 680; Cowling v. Deep Vein Coal Co., 7 Cir., 183 F.2d 652, 656; New England Mut. Life Ins. Co. v. Brandenburg, D.C.N.Y.1948, 8 F.R.D. 151, 154; Ford v. Adkins, D.C.Ill.1941, 39 F.Supp. 472, 474; Fremon v. W. A. Sheaffer Pen Co., D.C.Iowa 1953, 111 F.Supp. 39, 49. But it has been held that the question of the indispensability of parties is governed by state rather than federal law, when the rights of the parties depend upon substantive law. 1 Barron and Holtzoff, § 511, 1956 Pocket Part.

 "Ordinarily whether parties are indispensable to an action should be determined by the Federal Rules. However, in a diversity case, where the rights of the party depend upon substantive law, then the law of the state prevails." Dunham v. Robertson, 10 Cir., 198 F.2d 316, at page 319.

See, also: Kroese v. General Steel Castings Corporation, 3 Cir., 179 F.2d 760, 15 A.L.R.2d 1117, certiorari denied 339 U.S. 983, 70 S.Ct. 1026, 94 L.Ed. 1386; Whittemore v. Continental Mills, D.C.Mo. 1951, 98 F.Supp. 387, 391; Hertz v. Record Pub. Co. of Erie, D.C.Pa.1952, 102 F.Supp. 689, 690; Baker v. Dale, D.C. Mo.1954, 123 F.Supp. 364, 367; Valley Forge Golf Club v. L. G. De Felice & Son, D.C.Pa.1954, 124 F.Supp. 873, 875.

Section 5–311, Idaho Code, provides as follows:

"When the death of a person, not being a minor, is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death; or if such person be employed by another person who is responsible for his conduct, then also against such other person. In every action under this and the preceding section, such damages may be given as under all the circumstances of the case may be just."

 "It is well settled in this state by uniform line of authorities, that our death statute (sec. 5–311, I.C.A.), sometimes referred to as 'Lord Campbell's Act', creates a new right of action with different measure of damages from anything known at common law." Hughes v. Hudelson, 67 Idaho 10, 17, 169 P.2d 712, 715. As the Idaho death statute gives "a new right of action" to a designated class of persons, i. e., the decedent's heirs or personal representatives, the determination of who must bring the action depends upon substantive law, and the question of whether Bruce Kirkham Campbell is an indispensable party plaintiff to this action must be determined by the law of Idaho.

Other jurisdictions have usually construed wrongful death statutes as authorizing but one joint and indivisible action in which all the damages for the benefit of all the beneficiaries shall be recovered. They hold that separate actions cannot be maintained by, or on behalf of, the several beneficiaries entitled under the act. 25 C.J.S., Death, §§ 33a, 57.

There is no Idaho case precisely in point. But in Whitley v. Spokane Ry. Co., 23 Idaho 642, 132 P. 121, affirmed 237 U.S. 487, 35 S.Ct. 655, 59 L.Ed. 1060, L.R.A.1915F, 736, the Supreme Court of Idaho held that it was unnecessary, in an action under Idaho's wrongful death

statute, to join the decedent's widow who had previously prosecuted an action in the Washington courts on the same cause of action and recovered a judgment therein. The court acknowledged, however, that, because "[s]he [could] have no further recovery", it was making an exception to what it recognized as being the general rule. The court stated, at 23 Idaho 654, 132 P. 124, that:

"It was therefore unnecessary to make her a party, either plaintiff or defendant, in this particular action in order to bind her by the judgment and preclude her further recovery. We agree with the railroad company that as a general rule these actions cannot be split up and one action be prosecuted by one heir and another action by another heir or one action by the personal representatives of the deceased and another action prosecuted by the heirs, provided the question or objection is timely raised in a proper manner. St. Louis S. M. & S. Ry. Co. v. Needham, [8 Cir.], 52 F. 371, 3 C.C.A. 129; McBride v. Berman, 79 Ark. 62, 94 S.W. 913; Whelan v. Rio Grande R. R. Co., C.C. 111 F. 326; Salmon v. Rathjens, supra, 152 Cal. 290, 92 P. 733; Copeland v. City of Seattle, [supra], 33 Wash. 415, 74 P. 582, 65 L.R.A. 333; Galveston H. & S. A. R. Co. v. Kutac [supra], 72 Tex. 643, 11 S.W. 127."

It seems reasonable to assume that the Supreme Court of Idaho, if faced with the problem presented by the instant case, would, as indicated by its language in Whitley v. Spokane Ry. Co., supra, hold that Brent Kirkham Campbell is an indispensable party plaintiff.

Since he has not been joined as a plaintiff in this action, although he is an indispensable party, and because making him a party plaintiff would destroy the requisite diversity of citizenship, this action must be dismissed for lack of jurisdiction. Young v. Garrett, supra. Cf. Calcote v. Texas Pac. Coal & Oil Co.,

5 Cir., 157 F.2d 216, 219, 167 A.L.R. 413, certiorari denied 329 U.S. 782, 67 S.Ct. 205, 91 L.Ed. 671, rehearing denied 329 U.S. 830, 67 S.Ct. 356, 91 L.Ed. 704; Schuckman v. Rubenstein, 6 Cir., 164 F.2d 952, 956; Delta Drilling Co. v. Arnett, 6 Cir., 186 F.2d 481, 487, certiorari denied 340 U.S. 954, 71 S.Ct. 574, 95 L.Ed. 688, rehearing denied 341 U.S. 917, 71 S.Ct. 735, 95 L.Ed. 1352.

Accordingly, it is ordered that the motion of defendant to dismiss be, and the same is hereby granted. Since I have determined that there is no federal jurisdiction of this suit, there is no occasion, and it would not be proper, to deal with the motion for a summary judgment.