793 P.2d 711

**Wesley BEVAN and Docia Bevan, husband and wife, Plaintiffs–Appellants,**

v.

**VASSAR FARMS, INC., Defendant–Respondent,**

and

**John Does 1 through V, Inclusive, Defendants.**

**No. 17668.**

Supreme Court of Idaho.

June 12, 1990.

Lojek & Gabbert, Donald W. Lojek (argued), Boise, for plaintiffs-appellants.

Clemons, Cosho & Humphrey, Richard H. Greener (argued), Boise, for defendant-respondent.

BOYLE, Justice.

In this wrongful death action brought by the parents of a deceased twenty-eight-year-old son, we are called upon to determine whether the jury's apportionment of fifty percent contributory negligence attributed to the decedent bars the parents' recovery.

On September 27, 1985, Darrell Bevan was killed when a "corn chopper" farm machine ran over him while he was attempting repairs. His parents, plaintiffs Wesley and Docia Bevan, hereafter "Bevans," brought this wrongful death action against Vassar Farms, the chopper's owner and Darrell's employer, pursuant to the Idaho wrongful death statute. I.C. § 5-311. Over Bevans' objection the jury was instructed to compare Darrell's negligence with that of Vassar Farms and impute Darrell's negligence to his parents. The special verdict form returned by the jury listed the negligence of decedent and Vassar Farms each at fifty percent. The trial court entered judgment on the verdict for defendant Vassar Farms and Bevans' appeal asserting that the Idaho wrongful death statute does not provide for such imputation of negligence. In addition, Bevans assert that they should be allowed full recovery, or in the alternative that their recovery should be diminished only by the percentage of negligence attributable to their son.

The issue before us is whether I.C. § 5-311, Idaho's wrongful death statute, requires a decedent's contributory or comparative negligence to be imputed to his heirs, thereby precluding their cause of action for damages resulting from the decedent's wrongful death.

I.C. § 5-311 provides in pertinent part: (1) When the death of a person is caused by the wrongful act or neglect of another, his or her heirs or personal representatives on their behalf may maintain an action for damages against the person causing the death, or in case of the death of such wrongdoer, against the personal representative of such wrongdoer, whether the wrongdoer dies before or after the death of the person injured. If any other person is responsible for any such wrongful act or neglect, the action may also be maintained against such other person, or in case of his or her death, his or her personal representatives. In every action under this section, such damages may be given as under all the circumstances of the case as may be just.

Bevans assert that the absence of language in the statute, I.C. § 5-311, providing that heirs may maintain an action for wrongful death *only whenever the wrongful act would have entitled the person injured to maintain an action if death had not ensued,* demonstrates the legislature's intent not to require such to be a condition for recovery by a decedent's heirs. Bevans request that we overrule well established precedent and the long line of cases from this Court providing a different interpretation. Notwithstanding the absence of the suggested language in I.C. § 5-311, it is well established in this jurisdiction that "[i]f the decedent's negligence

would have barred his recovery against the defendant for injuries had he survived, then the decedent's heirs are barred from recovery in a wrongful death action." *Anderson v. Gailey*, 97 Idaho 813, 822, 555 P.2d 144, 153 (1976); *Clark v. Foster*, 87 Idaho 134, 391 P.2d 853 (1964); *Hooton v. City of Burley*, 70 Idaho 369, 219 P.2d 651 (1950); *Russell v. Cox*, 65 Idaho 534, 148 P.2d 221 (1944); *Hegelson v. Powell*, 54 Idaho 667, 34 P.2d 957 (1934); *Sprouse v. Magee*, 46 Idaho 622, 269 P. 993 (1928).

Bevans argue that in deciding *Sprouse v. Magee*, this Court incorrectly relied upon the United States Supreme Court's decision in *Northern Pac. Ry. v. Adams*, 192 U.S. 440, 24 S.Ct. 408, 48 L.Ed. 513 (1904), because that decision was based on facts where the defendant owed no legal duty to the decedent. In *Northern Pac. Ry.*, the United States Supreme Court held where there is no legal duty owed to the decedent there can be no "wrongful act." Therefore, the heirs in *Northern Pac. Ry.* had no action because "they claim under him, and they can recover only in case he could have recovered damages had he not been killed, but only injured." 192 U.S. at 450, 24 S.Ct. at 409.

In *Sprouse v. Magee*, 46 Idaho 622, 269 P. 993 (1928) this Court held that it was reasonable to bar the heirs' recovery against a defendant if the deceased himself could not recover because such limitation existed in the Lord Campbell's Act, the original model for all wrongful death statutes. The Idaho legislature, in enacting I.C. § 5–311, adopted the substance of Lord Campbell's Act.[1]

Furthermore, the Idaho legislature, dating from the time of *Sprouse v. Magee*, 46 Idaho 622, 269 P. 993 (1928), through the present, has been and continues to be aware of this Court's interpretation and application of I.C. § 5–311 and has not found it necessary to enact legislation to change or modify the wrongful death recovery law as interpreted by the decisions of this Court.

■ In support of their argument that the decedent's contributory negligence is not intended to be imputed to the decedent's heirs, Bevans argue that the language in I.C. § 5–311, "[w]hen the death of a person is *caused by the wrongful act or neglect of another*" should be interpreted to mean that all that is needed for recovery

---

1. Lord Campbell's Act: An Act for compensating the Families of Persons killed by Accidents. 26th August 1846.:

Whereas no Action at Law is now maintainable against a Person who by his wrongful Act, Neglect, or Default may have caused the Death of another Person, and it is oftentimes right and expedient that the Wrongdoer in such Case should be answerable in Damages for the Injury so caused by him: Be it therefore enacted by the Queen's most Excellent Majesty, by and with the Advice and Consent of the Lords Spiritual and Temporal, and Commons, in this present Parliament assembled, and by the Authority of the same, That whensoever the Death of a Person shall be caused by wrongful Act, Neglect, or Default, and the Act, Neglect, or Default is such as would (if Death had not ensued) have entitled the Party injured to maintain an action and recover Damages in respect thereof, then and in every such Case the Person who would have been liable if Death had not ensued shall be liable to an Action for Damages, notwithstanding the Death of the person injured, and although the Death shall have been caused under such Circumstances as amount in Law to Felony.

II. And be it enacted, That every such Action shall be for the benefit of the Wife, Husband, Parent, and Child of the person whose Death shall have been so caused, and shall be brought by and in the Name of the Executor or Administrator of the Person deceased; and in every such Action the Jury may give such Damages as they may think proportioned to the Injury resulting from such Death to the parties respectively for whom and for whose Benefit such Action shall be brought; and the Amount so recovered, after deducting the Costs not recovered from the Defendant, shall be divided amongst the before-mentioned Parties in such Shares as the Jury by their Verdict shall find and direct.

III. Provided always, and be it enacted, That not more than One Action shall lie for and in respect of the same Subject Matter of Complaint, and that every such Action shall be commenced within Twelve Calendar Months after the Death of such deceased Person.

IV. And be it enacted, That in every such Action the plaintiff on the Record shall be required, together with the Declaration, to deliver to the Defendant or his Attorney a full Particular of the Person or Persons for whom and on whose Behalf such Action shall be brought, and of the Nature of the Claim in respect of which Damages shall be sought to be recovered. 9 & 10 Vict., ch. 93, pp. 531–532 (as quoted in *Buckley v. Chadwick*, 45 Cal.2d 183, 288 P.2d 12, 16, note 1 (1955)).

under this statute is a "wrongful act of another" which contributed to the death of the decedent. They contend that Vassar Farm's negligent maintenance of the machinery contributed to the death of the decedent, therefore the decedent's heirs have the right to recover under the statute regardless of the fifty percent apportionment of negligence to the decedent. To adopt such an interpretation would result in essentially a strict liability standard where recovery would be automatic in those cases where the heirs had no involvement in the events leading to the death of their decedent notwithstanding the extent of the decedent's negligence. Such an interpretation would allow the heirs in most cases to recover even though their decedent's negligence was equal to or greater than that of the defendant. We are not prepared to go so far. The position asserted by Bevans is clearly contrary to the intent of the wrongful death statute, I.C. § 5–311, and the contributory negligence statutes in I.C. § 6–801 through § 6–807.

The language of I.C. § 5–311 specifically states as a condition of recovery that the wrongful act of another must have caused the death of the decedent. In the present case, the jury found the defendant and Darrell Bevan equally responsible for his death. Furthermore, "wrongful act or neglect," as it is used in the statute, means a "wrongful act or neglect" *as against the deceased.* It necessarily follows based on the well established law in this jurisdiction that if a defendant is not liable for injuries to the decedent had death not ensued, then there is no basis for recovery by the decedent's heirs. If a defendant's conduct does not make him liable to an injured party, then that defendant cannot be held liable in the event of death for damages resulting from the same conduct. Thus there is no basis for recovery of damages by the heirs of the decedent in this case because fifty percent of the negligence was apportioned to him.

As further support for their contention that the decedent's contributory negligence is not intended to be imputed to his heirs Bevans contend that I.C. § 6–801 and § 6–802 must be read in conjunction with each other. In doing so, Bevans assert that I.C. § 6–802 limits the use of comparative negligence to a comparison between the defendant-wrongdoer and "the person recovering," which in this case are the heirs of the decedent, but only after the jury is allowed to make a determination of the percentage of negligence "attributable to each party" to the cause of action. We disagree.

I.C. § 6–801, states in pertinent part:

Contributory negligence or comparative responsibility shall not bar recovery in an action by any person ... to recover damages for negligence, gross negligence or comparative responsibility resulting in death or in injury to person or property, if such negligence or comparative responsibility was not as great as the negligence, gross negligence or comparative responsibility of the person against who recovery is sought, but any damages allowed shall be diminished in the proportion to the amount of negligence or comparative responsibility attributable *to the person recovering.* (Emphasis added.)

I.C. § 6–802 provides:

The court may, and when requested by any party shall, direct the jury to find separate special verdicts determining the amount of damages and the percentage of negligence or comparative responsibility *attributable to each party;* and the court shall then reduce the amount of such damages in proportion to the amount of negligence or comparative responsibility attributable to the person recovering. (Emphasis added.)

The appellants maintain that the negligence or fault of the persons seeking recovery should be compared against the negligence of the person against whom recovery is sought. Since the persons recovering, *i.e.,* Darrell's parents, were not involved in the death of their son, they are not at fault, thus no comparison under I.C. § 6–801 and § 6–802 should be permitted. We do not agree. Such a strained interpretation ignores a reasonable reading of the wrongful death and comparative negligence statutes and would render meaningless the long line of case authority interpreting and applying the wrongful death and comparative negligence statutes of this state. A wrongful death action "is allowed

upon the theory that the wrongful death of the ancestor works a personal injury to his heirs, in that it deprives them of some pecuniary or other benefit which they would have received except for the death of the ancestor." *Russell v. Cox*, 65 Idaho 534, 538, 148 P.2d 221 (1944). However, it has been held that the heirs claim under the decedent, *Northern Pac. Ry. v. Adams*, 192 U.S. 440, 450, 24 S.Ct. 408, 409, 48 L.Ed. 513 (1904); *Helgeson v. Powell*, 54 Idaho 667, 34 P.2d 957 (1934), and that a wrongful death action "arises out of the same state of facts, whether prosecuted by the injured party during his lifetime or by his heirs after his death." *Russell v. Cox*, 65 Idaho 534, 538, 148 P.2d 221, 222 (1944).

In an action for personal injuries, a plaintiff cannot recover when it is proven by the evidence that his negligence was a proximate cause of his injury, and that his negligence was equal to or greater than the negligence of the defendant notwithstanding that the evidence may also show negligence on the part of the defendant. Since his parents' claim arises from the same facts, they should not be entitled to recover for losses and damages resulting from their son's death when he equally contributed to his own death.

■ We continue to follow long standing and well established precedent in the Idaho case law which construes the wrongful death statute and the comparative negligence statutes and hold that the plaintiffs can recover for wrongful death only when the wrongful act would have entitled the person injured to maintain an action if death had not ensued. Thus, if the decedent's negligence was not as great as that of the defendants, then decedent's heirs would be entitled to recover for their loss reduced by the percentage of decedent's negligence. However, where the decedent's negligence is equal to or greater than the defendant's negligence, then the decedent's heirs are barred from recovery as would be the injured party had he survived. *Anderson v. Gailey*, 97 Idaho 813, 555 P.2d 144 (1976); *Fairchild v. Olsen*, 96 Idaho 338, 528 P.2d 900 (1974); *Clark v. Foster*, 87 Idaho 134, 391 P.2d 853 (1964); *Hooton v. City of Burley*, 70 Idaho 369, 219 P.2d 651 (1950); *Russell v. Cox*, 65

Idaho 534, 148 P.2d 221 (1944); *Hegelson v. Powell*, 54 Idaho 667, 34 P.2d 957 (1934); *Sprouse v. Magee*, 46 Idaho 622, 269 P. 993 (1928).

Accordingly, we affirm. Costs to respondent. No fees allowed.

BAKES, C.J., and BISTLINE, JOHNSON and McDEVITT, JJ. concur.