## IN THE SUPREME COURT OF THE STATE OF IDAHO

MILDRED CASTORENA, individually and as spouse and personal representative of the ESTATE OF TED CASTORENA; ALENE STOORE, individually and as spouse and personal representative of the ESTATE OF JOHN D. STOOR; STEPHANIE BRANCH, individually and personal representative of the ESTATE OF ROBERT BRANCH, JR.; and MARLENE KISLING, individually and as personal representative of the ESTATE OF WILLIAM D. FRASURE,

    Plaintiffs-Appellants,

v.

GENERAL ELECTRIC; ALASKAN COPPER WORKS; AMERIVENT SALES, INC.; ANCHOR PACKING COMPANY; A.W. CHESTERTON COMPANY; BECHTEL aka SEQUOIA VENTURES; BELL & GOSSETT; BULLOUGH ABATEMENT, INC.; CERTAINTEED CORPORATION; CLEAVER BROOKS a division of AQUA CHEM, INC.; CRANE CO.; CUTLER HAMMER; EBONY CONSTRUCTION CO.; EMERSON ELECTRIC CO.; FAIRBANKS MORSE PUMP CORPORATION; FMC CORPORATION; FOSTER WHEELER COMPANY; GARLOCK SEALING TECHNOLOGIES, LLC; GARLOCK INCORPORTATED; GOULD INCORPORATED; GOULD PUMPS TRADING CORP; HENRY VOGT MACHINE CO.; HILL BROTHERS; HONEYWELL, INC.; IMO INDUSTRIES; INDUSTRIAL HOLDING CORPORATION; ITT INDUSTRIES, INC.; INGERSOLL-RAND COMPANY; JOHNSTON PUMPS; KELLY-MOORE PAINT COMPANY, INC.; METROPOLITAN LIFE INSURANCE COMPANY; NIBCO, INC aka NORTHERN

Docket No. 35123

Boise, May 2010 Term

2010 Opinion No. 94

Filed: August 18, 2010

Stephen W. Kenyon, Clerk

INDIANA BRASS CO.; NORDSTROM )
VALVE COMPANY; OBIT INDUSTRIES, )
INC.; OWENS-ILLINOIS, INC.; )
PARAMOUNT SUPPLY COMPANY; PAUL )
ROBERTS MACHINE SUPPLY DIVISION; )
ADVANCED INDUSTRIAL SUPPLY, INC. )
fka POCATELLO SUPPLY, INC.; RUPERT )
IRON WORKS; SACOMA-SIERRA; )
SCHNEIDER ELECTRIC (KNOWN AS )
SQUARE D COMPANY); SHEPARD )
NILES, INC.; STERLING FLUID SYSTEM; )
VIACOM, INC.; WARREN PUMPS, INC.; )
WESTINGHOUSE ELECTRIC )
CORPORATION; ZURN INDUSTRIES, )
INC., )
)
    **Defendants-Respondents** )

**WILLIS EUGENE NORTON, SR.,** )
)
    **Plaintiff-Appellant,** )
)
v. )
)
**GENERAL ELECTRIC, ALASKAN** )
**COPPER WORKS; AMERIVENT** )
**SALES, INC.; ANCHOR PACKING** )
**COMPANY; A.W. CHESTERTON** )
**COMPANY; BABITT STEAM SPECIALTY,** )
**CO.; BECHTEL aka, SEQUOIA** )
**VENTURES; BULLOUGH ABATEMENT,** )
**INC.; BELL & GOSSETT; CERTAINTEED** )
**CORPORATION; CLEAVER-BROOKS, a** )
Division of Aqua Chem., Inc.; **CRANE CO.;** )
**CUTLER HAMMER; EBONY** )
**CONSTRUCTION CO.; EMERSON** )
**ELECTRIC CO.; FAIRBANKS MORSE** )
**PUMP CORPORATION; FMC** )
**CORPORATION; FOSTER WHEELER** )
**COMPANY; GARLOCK** )
**INCORPORATED; GOULD** )
**INCORPORATED; GOULDS PUMPS** )
**TRADING CORP.; HENRY VOGT** )
**MACHINE CO.; HILL BROTHERS;** )
**HONEYWELL, INC.; IMO INDUSTRIES;** )
**INDUSTRIAL HOLDING CORPORATION;** )
**ITT INDUSTRIES, INC.; INGERSOLL-** )

Docket No. 35124

2

**RAND COMPANY; JOHNSTON PUMPS;** )
**KELLY-MOORE PAINT COMPANY, INC.;** )
**METROPOLITAN LIFE INSURANCE** )
**COMPANY; NIBCO, INC., a/k/a Northern** )
**Indiana Brass Co.; NORDSTROM VALVE** )
**COMPANY; OBIT INDUSTRIES, INC.;** )
**OWENS-ILLINOIS, INC.; PARAMOUNT** )
**SUPPLY COMPANY; PAUL ROBERTS** )
**MACHINE SUPPLY DIVISION;** )
**ADVANCED INDUSTRIAL SUPPLY, INC.** )
**f/k/a POCATELLO SUPPLY, INC.;** )
**RELIANCE ELECTRIC MOTORS;** )
**ROCKWELL AUTOMATION, INC.;** )
**RUPERT IRON WORKS; SACOMA-** )
**SIERRA; SCHNEIDER ELECTRIC;** )
**SHEPARD NILES, INC.; STEEL WEST,** )
**INC.; STERLING FLUID SYSTEM;** )
**VIACOM INC.; WARREN PUMPS, INC.;** )
**WESTINGHOUSE ELECTRIC** )
**CORPORATION; and ZURN INDUSTRIES,** )
**INC.,** )
 )
    **Defendants-Respondents.** )

**JOHN D. ADAMSON, individually and as** )
**in his capacity as personal representative for** )
**the Estate of JOHN H. ADAMSON,** )
 )
    **Plaintiff-Appellant,** )
 )
 )
**v.** )
 )
 )
**FMC CORPORATION, individually and on** )
**behalf of its former Coffin Turbo Pump** )
**Operation and former Peerless Pump,** )
**Chicago Pump and Link-Belt Business;** )
**NIKKO MATERIALS USA, INC., d/b/a** )
**Gould Electric, Inc., individually and as** )
**successor in interest to Goulds, Inc., Imperial** )
**Corporation, Eastman Corporation, Imperial** )
**Eastman Corporation, ITE Circuit Breaker** )
**Company, and Century Electric;** )
**SCHNEIDER ELECTRIC, individually and** )
**on behalf of Square D. Company; ALASKAN** )
**COOPER WORKS; ALLIS CHALMERS** )
**CORPORATION; AMERIVENT SALES,** )
**INC.; ERICSSON, INC., as successor in** )

Docket No. 35852

3

**interest to Anaconda Wire & Cable )
Company; GARDNER DENVER, INC.; )
HENRY VOGT MACHINE CO.; ORBIT )
INDUSTRIES, INC.; PARAMOUNT )
SUPPLY CO.; PAUL ROBERTS MACHINE )
SUPPLY; POCATELLO SUPPLY, INC.; )
RUPERT IRON WORKS; PARKER )
HANNIFIN CORPORATION, successor in )
interest to Sacoma-Sierra, Inc; STEEL )
WEST, INC.; BECHTEL, INC.; CRANE )
CO.; AMERICAN OPTICAL )
CORPORATION; EATON ELECTRICAL )
CORPORATION f/k/a Cutler Hammer; )
FLOWSERVE CORPORATION, )
individually and as successor to The Duririon )
Company, Inc, f/k/a Durco International; )
FAIRBANKS MORSE PUMP )
CORPORATION; HONEYWELL, INC. )
(specifically excluding liability for NARCO), )
individually and as successor to Allied Signal, )
Bendix, Wheelabrator, Rust Engineering, and )
Allied Chemical; JOHNSON PUMPS; )
STERLING FLUID SYSTEM (Peerless )
Pumps) )**

**)**

**Defendants-Respondents. )**

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Peter D. McDermott, District Judge for cases 36123 and 35124. Hon. Don L. Harding, District Judge for case 36852.

Summary judgment on wrongful death action, <u>reversed.</u> Cases <u>remanded.</u>

Petersen, Parkinson & Arnold, PLL, Idaho Falls, for appellants. James C. Arnold argued.

Holland & Hart LLP, Boise, for respondent Bechtel, Inc. and Sterling Fluid System. B. Newal Squyres argued.

Greener, Burke, Shoemaker, P.A., Boise, for respondents CBC Corp, etc. Christopher C. Burke argued.

---

BURDICK, Justice

This action, consolidated on appeal, arises out of grants of summary judgment in favor of defendant-respondent corporations (General Electric, et al.; A.W. Chesterton Co., et al.; and FMC Corp., et al.) (collectively, "Respondents") on the grounds that the plaintiffs-appellants' (Mildred Castorena, et al.; Willis E. Norton, Sr.; and John D. Adamson, et al.) (collectively, "Appellants") wrongful death claims were barred by the condition precedent to Idaho's wrongful death statute, because the statute of limitations for the decedents' actions had run prior to their deaths. On appeal, Appellants argue that the district courts improperly read I.C. § 5-311 – in finding that the statute includes a condition precedent – and further, that such an interpretation of the wrongful death statute brings it in violation with the "open courts" provision of Article I, section 18 of the Idaho Constitution. We reverse the district courts' grants of summary judgment and remand for further proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts in this case are not in dispute. This case has been consolidated on appeal from two orders entered by district courts, granting summary judgment in favor of Respondents on the basis that the running of the statute of limitations as to the decedents' own potential claims, prior to their deaths, bars Appellants from bringing actions for wrongful death. These rulings were based upon the finding that, under the condition precedent rule, actions for wrongful death may only be maintained by the decedent's heirs or representatives where the decedent could have maintained such an action if he had not died. The district court cases were filed on behalf of the heirs and personal estate representatives of John Stoor, Robert Branch, William Frasure, and John Adamson (the deceased shall be collectively referred to as "Decedents") against various manufacturers of asbestos-containing products or machinery. Appellants brought wrongful death claims under I.C. § 5-311, alleging that, due to Decedents' exposure to the asbestos-containing products manufactured by Respondents, Decedents had contracted asbestos-related illnesses which led to their eventual deaths.

Each lawsuit was filed within two years of the date of each respective decedent's death, however each decedent had been diagnosed with an asbestos-related illness more than two years prior to his death. The cases were decided by the district courts under a two-step analysis: (1) Idaho's wrongful death statute, I.C. § 5-311, contains an implicit condition precedent that the decedent's heirs cannot bring a cause of action against an injuring party unless the decedent himself could have brought a cause of action against that injuring party, had he lived; and (2) the

5

Decedents would have been barred from bringing suit against the Respondents, as the statute of limitations had run as to their own claims.

## II. ISSUES ON APPEAL

1. Whether Idaho's wrongful death statute, I.C. § 5-311, has an implied condition precedent, that the statute of limitations begins to run at the time the actionable wrong was committed or whether the statute of limitations for the survivor's cause of action begins to run at the time of the death of the tort victim.

2. Whether, if the condition precedent does not apply to the defense of statutes of limitations of a decedent's right to bring a cause of action, summary judgment should still be upheld in favor of the Respondents in the underlying *Adamson* case on the grounds that the Appellants in the *Adamson* case had failed to demonstrate that all parties necessary to that action had been joined.

## III. STANDARD OF REVIEW

As noted in *Vavold v. State*:

> When reviewing an order for summary judgment, the standard of review for this Court is the same standard as that used by the district court in ruling on the motion. Summary judgment is appropriate if "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). Disputed facts should be construed in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party. This Court exercises free review over questions of law.

148 Idaho 44, __, 218 P.3d 388, 389 (2009) (quoting *Armstrong v. Farmers Ins. Co. of Idaho*, 147 Idaho 67, 69, 205 P.3d 1203, 1205 (2009)).

## IV. ANALYSIS

**A. Idaho Code § 5-311 contains a condition precedent, but the condition precedent does not apply to the expiration of the statute of limitations as to the decedent's own claim.**

This Court must first determine whether, as this Court has held for over a century, Idaho's wrongful death statute, I.C. § 5-311, is properly read as containing an implied condition precedent that an action for wrongful death may only be brought where the injury to the decedent was such that the decedent himself could have brought a cause of action against the injuring party had the decedent lived. If we find that this long-standing statutory interpretation is correct, then we must determine the scope of the condition precedent. We shall first consider whether Idaho's wrongful death statute contains a condition precedent, and then consider the proper scope of such a condition.

Appellants argue that I.C. § 5-311, the wrongful death statute, does not contain a condition precedent when interpreted according to its plain meaning, nor if broader rules of statutory construction are employed. Respondents argue that Idaho Courts have long interpreted the wrongful death statute as containing a condition precedent, as have the majority of other jurisdictions interpreting similarly worded wrongful death statutes.

### 1. History of Idaho's Wrongful Death Statute - Idaho Code § 5-311

It is generally accepted that there was no action for wrongful death at common law, at least following the decision of *Baker v. Bolton*, (1808) 170 Eng. Rep. 1033 (K.B.), and where a person was injured by the wrongful act or omission of another any right for civil relief ended with the injured party's death. 2 Fowler V. Harper & Fleming James, Jr., The Law of Torts, § 24.1, p. 1284 (1956). *But see, e.g., Justus v. Atchison*, 565 P.2d 122, 128 (Cal. 1977), *overruled on other grounds by Ochoa v. Superior Court*, 703 P.2d 1 (Cal. 1985) ("In 1970 . . . the United States Supreme Court recognized a cause of action from wrongful death under general maritime law and in so ruling cast doubt on the historical basis of the [belief] that no cause of action for wrongful death existed at common law.") This changed in 1846 when England passed the Fatal Accidents Act, 1846, 9 & 10 Vict., c. 93 (Eng.), more commonly known as Lord Campbell's Act.[1] Tiffany, Death by Wrongful Act, § 4 (2nd ed. 1913). Every State in America has since

---

[1] Lord Campbell's Act: An Act for compensating the Families of Persons killed by Accidents. 26th August 1846.: Whereas no Action at Law is now maintainable against a Person who by his wrongful Act, Neglect, or Default may have caused the Death of another Person, and it is oftentimes right and expedient that the Wrongdoer in such Case should be answerable in Damages for the Injury so caused by him: Be it therefore enacted by the Queen's most Excellent Majesty, by and with the Advice and Consent of the Lords Spiritual and Temporal, and Commons, in this present Parliament assembled, and by the Authority of the same, That whensoever the Death of a Person shall be caused by wrongful Act, Neglect, or Default, and the Act, Neglect, or Default is such as would (if Death had not ensued) have entitled the Party injured to maintain an action and recover Damages in respect thereof, then and in every such Case the Person who would have been liable if Death had not ensued shall be liable to an Action for Damages, notwithstanding the Death of the person injured, and although the Death shall have been caused under such Circumstances as amount in Law to Felony.

II. And be it enacted, That every such Action shall be for the benefit of the Wife, Husband, Parent, and Child of the person whose Death shall have been so caused, and shall be brought by and in the Name of the Executor or Administrator of the Person deceased; and in every such Action the Jury may give such Damages as they may think proportioned to the Injury resulting from such Death to the parties respectively for whom and for whose Benefit such Action shall be brought; and the Amount so recovered, after deducting the Costs not recovered from the Defendant, shall be divided amongst the before-mentioned Parties in such Shares as the Jury by their Verdict shall find and direct.

III. Provided always, and be it enacted, That not more than One Action shall lie for and in respect of the same

passed its own version of a wrongful death statute. *Adams v. Armstrong World Indus.*, 596 F. Supp. 1407, 1412 (D. Idaho 1984), *rev'd on other grounds by*, 847 F.2d 589 (9th Cir. 1988).

> These wrongful death statutes are either (1) survival statutes, which preserve the deceased's cause of action for the heirs while amplifying the amount of damages because of the death; or (2) "death acts" based on Lord Campbell's Act which creates a new cause of action for the death in the deceased's heirs. [Idaho Code §] 5-311 is of the latter type.

*Id.* (internal citation omitted).

Idaho Code § 5-311 is titled "Suit for wrongful death by or against heirs or personal representatives — Damages" and reads, *inter alia*:

> (1)  When the death of a person is caused by the wrongful act or neglect of another, his or her heirs or personal representatives on their behalf may maintain an action for damages against the person causing the death, or in case of the death of such wrongdoer, against the personal representative of such wrongdoer, whether the wrongdoer dies before or after the death of the person injured.  If any other person is responsible for any such wrongful act or neglect, the action may also be maintained against such other person, or in case of his or her death, his or her personal representatives.  In every action under this section, such damages may be given as under all the circumstances of the case as may be just.

This Court considered the legislative history of this statute, which was last altered in 1984 (*see* S.L. 1984, ch. 158, § 3), in the case of *Westfall v. Caterpillar, Inc.*:

> Over a full century ago the first wrongful death statute was enacted in Idaho, C.C.P. 1881, § 192.  It remained entirely unchanged for a long period of time, being found completely intact as I.C.A. § 5-311 of the Idaho Code published in 1947, and thereafter continuing on until the present time, except for an insignificant 1972 legislative change which deleted the word "minor" and substituted in its place "person provided for in section 5-310, Idaho Code."  S.L. 1972 Ch. 177 § 2.  In 1984, the legislature repealed what for 103 years had been § 5-311, and reenacted another § 5-311, all of which served only the purpose of correcting a legislative oversight created in enacting a new code of probate procedure.

---

Subject Matter of Complaint, and that every such Action shall be commenced within Twelve Calendar Months after the Death of such deceased Person.

IV. And be it enacted, That in every such Action the plaintiff on the Record shall be required, together with the Declaration, to deliver to the Defendant or his Attorney a full Particular of the Person or Persons for whom and on whose Behalf such Action shall be brought, and of the Nature of the Claim in respect of which Damages shall be sought to be recovered.

9 & 10 Vict., ch. 93, pp. 531-532 (as quoted in *Bevan v. Vassar Farms, Inc.*, 117 Idaho 1038, 1040 n.1, 793 P.2d 711, 713 n.1 (1990)).

The Idaho statute, as originally enacted, has remained virtually intact for over one hundred years. . . . Not only did Idaho adopt the California wrongful death statute, most of the western states did likewise.

120 Idaho 918, 922-23, 821 P.2d 973, 977-78 (1991).

The original text of the wrongful death statue read:

When the death of a person, not being a minor, is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death; or if such person be employed by another person who is responsible for his conduct, then also against such other person. In every action under this and the preceding section, such damages may be given as under all the circumstances of the case may be just.

R.C. § 4100.

All American wrongful death statutes have been based on Lord Campbell's Act, and under that Act, "the act, neglect, or default must have been such as would have entitled the party injured to maintain an action therefore if death had not ensued." *Sprouse v. Magee*, 46 Idaho 622, 627, 269 P. 993, 994 (1928). Although this condition precedent was not expressly included in the language of Idaho's wrongful death act, it has been implicitly read into the act. *Id. Accord N. Pac. Ry. Co. v. Adams*, 192 U.S. 440 (1904). *See also Helgeson v. Powell*, 54 Idaho 667, 678, 34 P.2d 957, 961 (1934) (holding that under this Court's statutory construction, "it has the same force and effect, by implication, as if it expressly contained the provision, 'Whenever the wrongful act would have entitled the person injured to maintain an action if death had not ensued.'"); *Clark v. Foster*, 87 Idaho 134, 144, 391 P.2d 853, 859 (1964) (noting that although I.C. § 5-311 does not contain the condition precedent language, "for sixty years this jurisdiction and others have held that the statute should be interpreted as if it contained" this language.)

Even if this Court were inclined to reconsider the interpretation which has been given to Idaho's wrongful death statute for over one-hundred years, Appellants' argument is unpersuasive. Appellants argue that the decision of the legislature to omit the condition precedent language from Idaho's wrongful death statute shows a legislative intent to deviate from the statutory model of Lord Campbell's Act, which the legislature was aware of when it first codified Idaho's wrongful death statute in C.C.P. 1881, § 192. This argument fails to recognize that Idaho did not derive the text of its wrongful death statute from Lord Campbell's Act, but rather from California Code of Civil Procedure § 377 (which also did not contain the condition precedent language at the time Idaho enacted C.C.P. 188, § 192), as noted in *Westfall,* 120 Idaho at 923, 821 P.2d at 978. *See also Russell v. Cox*, 65 Idaho 534, 540, 148 P.2d 221,

9

223 (1944). California has long recognized that the condition precedent applies under its wrongful death statute. *Clark*, 87 Idaho at 145, 391 P.2d at 859. *See Buckley v. Chadwick*, 288 P.2d 12 (Cal. 1955) (in interpreting California's wrongful death statute - which also does not contain the condition precedent language - the California Supreme Court found that, in a wrongful death action, the contributory negligence of a decedent shall be imputed to his heirs). It is notable that Washington, Montana and Utah have interpreted their similarly worded statutes in the same manner as California. *Id.* In line with well-reasoned and long-lasting precedent in case law, we find that Idaho's wrongful death act contains an implied condition precedent.

2. The scope of the condition precedent applied to Idaho Code § 5-311

The more challenging issue is the scope of the condition precedent. The applicable statute of limitations for personal injuries and wrongful death actions is two years, as provided in Idaho Code § 5-219. The issue is whether the expiration of the two year statute of limitations as to the decedent's claim before his death bars a cause of action by the decedent's heirs or personal representative after his death, under the condition precedent to I.C. § 5-311.

Respondents argue that a wrongful death action is treated like a continuation of the right that the decedent had to bring a cause of action for his injury, and where the decedent would have been barred from bringing that action – for any reason – the decedent's heirs are likewise barred. A review of Idaho's case law on this issue demonstrates that Respondents' interpretation is unpersuasive. There is a distinction between requiring that the heirs or personal representatives of the decedent may only recover where the harm done to the decedent was of such a character as would have entitled the decedent to relief, on the one hand, and requiring that the decedent must have been procedurally able to bring suit himself immediately prior to his death, on the other. Idaho's wrongful death action does not create a survival action, but an entirely new cause of action on behalf of a decedent's heirs and personal representatives.

In 1904, the U.S. Supreme Court considered a claim brought by the heirs of a deceased attorney against the Northern Pacific Railway Company. *N. Pac. Ry. Co.*, 192 U.S. at 441. The attorney worked for a railroad, though not the defendant railroad, and had provided the defendant with a signed waiver of liability in return for a free ticket of passage. *Id.* While travelling from Hope, Idaho to Spokane, Washington the attorney fell from the train and was killed. *Id.* There were no witnesses to the accident, and the Court found that, under the facts of the case, the defendant had, at most, acted negligently. *Id.* at 451. The Court found that the attorney's signed

waiver provided immunity to the defendant as to claims of negligence and that under Idaho's wrongful death statute, "[i]f there be no omission of duty to the decedent, his heirs have no claim", and therefore, no breach of duty supported the heirs' wrongful death claim, and a wrongful death action could not successfully be pursued. *Id.* at 449. The decedent's waiver eliminated the railway company's duty, as to negligence, toward the travelling attorney in *Northern Pacific*; the statute of limitations at issue here does not affect Respondents' duty toward the Decedents.

The implied condition precedent in I.C. § 5-311 allows a defendant to raise a defense of contributory negligence against the decedent's heirs where such a defense could have been brought against the decedent himself. In *Sprouse v. Magee*, the husband of the decedent filed a wrongful death suit against the decedent's physician, alleging malpractice and negligence. 46 Idaho 622, 625-26, 269 P. 993, 994 (1928). At trial the physician pled two separate defenses of contributory negligence on the part of the husband, and on appeal the husband sought a new trial arguing, *inter alia*, that the jury should not have been instructed on contributory negligence for a wrongful death action. *Id.* at 626-27, 269 P. at 994. The *Sprouse* Court held that if the wife herself had survived and brought a suit for malpractice and negligence her husband's contributory negligence would have been a properly pled defense and, therefore, it was also a properly pled defense against her husband's wrongful death action. *Id.* at 627, 269 P. at 994.

In another case involving contributory negligence, *Bevan v. Vassar Farms, Inc.*, the appellants raised an argument quite similar to the argument raised by Appellants in the case at hand, as to the absence of the condition precedent language from Idaho's wrongful death statute. 117 Idaho 1038, 793 P.2d 711 (1990). In response this Court wrote:

> [Appellants] request that we overrule well established precedent and the long line of cases from this Court providing a different interpretation. Notwithstanding the absence of the suggested language in I.C. § 5-311, it is well established in this jurisdiction that if the decedent's negligence would have barred his recovery against the defendant for injuries had he survived, then the decedent's heirs are barred from recovery in a wrongful death action.

117 Idaho at 1039-40, 793 P.2d at 712-13 (internal quotation omitted). The Idaho legislature has been aware of this Court's interpretation of I.C. § 5-311 and its precursors since 1928, and the U.S. Supreme Court's interpretation since 1904, and has not deemed it necessary to change or modify that statute to correct either concurrent interpretation. *Id.* at 1040, 793 P.2d at 713. Reiterating the impact of the condition precedent, this Court found that "[i]f a defendant's

11

conduct does not make him liable to an injured party, then that defendant cannot be held liable in the event of death for damages resulting from the same conduct." *Id.* at 1041, 793 P.2d at 714. This interpretation was most recently reaffirmed by this Court in *Turpen v. Granieri*, where it was held that "an heir may only recover for wrongful death if the decedent would have been able to recover. Thus, the heir must prove that the wrongful act or negligence of the defendant caused the injury and resulting death." 133 Idaho 244, 247, 985 P.2d 669, 672 (1999) (internal citation omitted).

In the foregoing line of cases, this Court has consistently held that in order to bring a cause of action for wrongful death a plaintiff must demonstrate that the defendant's wrongful act or omission, which led to the decedent's injury and resulting death, constituted an actionable wrong, for which the decedent would have been entitled to relief had he brought suit. It has likewise consistently been held that those bringing an action for wrongful death are subject to the same defenses that could have been offered had the decedent himself filed suit, such as contributory or comparative negligence. In other words, the defendant must have been the cause of the decedent's injury such that he would have been liable to the decedent in a tort action.

In *Russell v. Cox*, the mother of the decedent was suing the decedent's former husband, who had shot the decedent to death with a firearm. 65 Idaho 534, 537, 148 P.2d 221, 221-22 (1944). The former husband of the decedent argued that since, "at common law a tort committed by one spouse against the person or character of the other does not give rise to a cause of action in favor of the injured spouse" the decedent's mother, claiming through her deceased daughter, could not bring suit against the former husband, as the daughter would have been unable to do so had she lived. *Id.* at 537, 148 P.2d at 222 (internal quotation marks omitted). In examining this contention, the *Russell* Court wrote:

> It is true, as said by the supreme court in *Northern Pacific Ry. Co. v. Adams*, 192 U.S. 440 [(1904)] that, "They [the heirs] claim under him [deceased], and they can recover only in case he could have recovered damages had he not been killed, but only injured." That is to say, the cause of action arises out of the same state of facts, whether prosecuted by the injured party during his lifetime or by his heirs after his death; but the heirs must prove the additional fact, that the decedent died as a result of the wrongful or negligent act. Whether prosecuted by the injured party during his lifetime or by the heirs after his death, it must be shown, under our statute, that the injury was the result of a wrongful or negligent act. The *right of action*, however, in the one case arises in favor of the injured party and, in the other case, the right of action is conferred upon his "heirs or personal representatives".

12

> If the facts, out of which the right of action accrued to the injured party, (**aside from capacity to sue**) are not such as would have enabled him to prosecute an action in his lifetime, of course they would not be sufficient to authorize the prosecution of an action by his heirs after his death. In the one case, any judgment obtained would inure to the benefit of the injured party during his lifetime and enhance his estate on his death; whereas, a judgment obtained by his heirs would inure exclusively to their benefit and not to the benefit of the estate.

*Id.* at 541-42, 148 P.2d at 224 (second two alterations in the original; bolded emphasis added). Furthermore:

> where death results from the wrongful act of another, the injured party may in his lifetime sue for damages or compromise his cause of action for personal injuries, does not in any way militate against the right of the heirs or personal representatives of the decedent to prosecute their independent action for her wrongful death. In other words, the cause of action, which accrued to the injured party during her lifetime, may be prosecuted or compromised by the injured party and the receipts inure to the benefit of her estate; whereas, the right of action, which *accrues on the death* of the injured party, can only be prosecuted by her "heirs or personal representatives" and does not benefit the estate.

*Id.* at 539, 148 P.2d at 223 (emphasis in the original). Finally, after noting that Idaho's wrongful death statute had its genesis in California's wrongful death statute, the Court examined the manner in which California had interpreted its own statute:

> The California court has consistently held that this statute creates a new right in favor of the heirs and personal representatives unknown to the common law, and in *Earley v. Pacific Elec. Ry. Co.* [167 P. 513 (Cal. 1917)], the California supreme court held in effect that: "the husband's execution prior to his death of a release for damages from the injury which finally resulted fatally will not bar the widow's right of action" . . . and further said:
>
>> "Our statute creates a new right of action with a different measure of damage from that which accrued to the injured person as a result of the defendant's wrongdoing. The right of action is to the heirs or representatives of the deceased and the elements of damage (without here attempting to specify them all) include in the case of the widow an admeasurement of the financial loss occasioned to her by the death of her husband through the deprivation of his society, comfort, and protection."
>
> The contention, that our death statute provides a substituted and not a new right of action, is wholly untenable.

*Id.* at 540-41, 148 P.2d 223 (internal citations omitted). Thus, in *Russell*, when this Court was asked to consider a defense related to the decedent's personal standing to bring a claim, rather

than to the wrongful nature of the injury itself, this Court found that the condition precedent did not apply. *Id.*

Turning to the narrow issue presented in the case at hand, Appellants argue that under this Court's decision in *Chapman v. Cardiac Pacemakers, Inc.*, 105 Idaho 785, 673 P.2d 385 (1983), it is established that the statute of limitations on the decedent's own cause of action is irrelevant when ascertaining the timeliness of his heirs' wrongful death action. Respondents argue that the only part of *Chapman* that is favorable to Appellants' position is dicta, and the federal court for the district of Idaho squarely considered the question at hand in *Adams v. Armstrong World Industries*, 596 F. Supp. 1407 (D. Idaho 1984), *rev'd on other grounds by*, 847 F.2d 589 (9th Cir. 1988), and concluded that this Court, if presented with the question, would find that where the statute of limitations would preclude the decedent from bringing a cause of action at the time of his death it would likewise bar a wrongful death action by the decedent's heirs.

In *Chapman*, this Court considered a certified question from the federal court for the district of Idaho as to "whether, in a wrongful death action, the statute of limitations begins to run from the date of death or from the date of the injury from which death resulted." 105 Idaho at 786, 673 P.2d at 386. The decedent in *Chapman* had suffered an injury due to the malfunction of an allegedly defective pacemaker, and had died within two years of said malfunction, without filing a cause of action against the manufacturer of the pacemaker. *Id.* Heirs of the decedent brought suit within two years of the decedent's death, but more than two years following the date of the injury which led to the decedent's death. *Id.*

This Court noted that a wrongful death action is permitted under the theory that the "wrongful death of the ancestor works a personal injury to his heirs, in that it deprives them of some pecuniary or other benefit which they would have received except for the death of the ancestor. The statute *confers this right of action on the heirs*." *Id.* at 787, 673 P.2d at 387 (emphasis in original) (quoting *Whitley v. Spokane & I. Ry. Co.,* 23 Idaho 642 (1913), *aff'd*, 237 U.S. 487 (1915)). Furthermore, "[t]he cause of action which accrues to an injured person during his lifetime is *altogether separate* from the cause of action accruing to the person's heirs should he die from that injury." *Id.* (emphasis added). Finally, and most relevant here:

> the rule that heirs can bring an action only if the deceased could have is merely a means of indicating that Lord Campbell's Act did not enlarge the scope of tort liability but simply created a new cause of action based on the same conduct. In

14

other words, the death must have been "wrongful" to the same degree conduct causing injury must be wrongful to be actionable.

*Id.* This Court's decision in *Chapman* clearly indicates that the condition precedent merely requires that the injury causing the decedent's death must have been an actionable wrong as to the decedent.

This interpretation has also found support in the Restatement (Second) of Torts § 899 cmt. c (1979), as it pertains to the statute of limitations:

> A cause of action for death is complete when death occurs. Under most wrongful death statutes, the cause of action is a new and independent one, accruing to the representative or to surviving relatives of the decedent only upon his death; and since the cause of action does not come into existence until the death, it is not barred by prior lapse of time, *even though the decedent's own cause of action for the injuries resulting in death would have been barred*. In some jurisdictions, however, the wrongful death acts take the form of statutes providing for the survival of the decedent's own cause of action, in which case the statute of limitations necessarily runs from the time of his original injury.

(Emphasis added). As noted above, I.C. § 5-311 creates a new and independent cause of action, not a survival action. The two elements that must be proven in a wrongful death suit are: (1) that an actionable wrong was committed by the defendant against the decedent, and (2) that the same actionable wrong caused the decedent's death. As a wrongful death action is entirely distinct from any action the decedent may have brought on her own behalf, prior to her death, and therefore, the accrual of the action takes place at the time of death. *Russell v. Cox*, 65 Idaho 534, 539, 148 P.2d 221, 223 (1944).

This Court is not bound by federal courts' interpretations of Idaho law, *see State v. Harmon*, 107 Idaho 73, 76, 685 P.2d 814, 817 (1984), such interpretations have no precedential authority with this Court. Furthermore, we disagree with the *Adams* court's analysis.

The reason for this interpretation is simple, practical, and fair. The injury bringing about the entitlement to relief in an action brought by the decedent, prior to his death, or in an action by the decedent's heirs or estate representatives after the decedent's death, is identical. Where the injury was not actionable under traditional tort analysis, the heirs should not be permitted to recover where the decedent himself could not have recovered. However, the action created by Idaho's Wrongful Death Act is more than a mere survival action; it provides compensation for the harm that the heirs experience due to the decedents' death. In short, a wrongful death action

15

is an independent action grounded in identical[2] causation. The statute of limitations applies to each actionable wrong individually. As the actionable wrong for a wrongful death action is not complete until the death of the decedent, the statute of limitations does not begin running until that time. Therefore, we hold that the condition precedent does not apply to the statute of limitations, and the Appellants here filed their wrongful death actions in a timely fashion.

**B. Summary judgment in favor of Respondents – as to John D. Adamson's claim – is not upheld on other grounds.**

Bechtel raises additional issues on appeal pertaining only to the underlying case alleging the wrongful death of John H. Adamson ("the Adamson Appellants" shall be used to designate the Appellants from the underlying Adamson case). Bechtel argues that there are two additional grounds upon which the grant of summary judgment may be upheld.

First, Bechtel argues that only a surviving spouse may assert pre-death injury claims on behalf of the decedent or his estate, for the personal injuries inflicted on the decedent, (so-called survival actions) and that, therefore, as the Adamson Appellants are not Adamson's surviving spouse, they cannot recover under a survival action. The Adamson Appellants concede this issue on appeal, though a ruling was not obtained on this issue before the district court. Accordingly, we shall not examine the substance of this argument.

Second, Bechtel contends that a personal representative may only bring a wrongful death action where each of the decedent's heirs are either formally joined or provide their affirmative consent to such representation, and that the Adamson Appellants failed to either formally join or show consent as to the other heirs. The Adamson Appellants argue that this additional issue is not necessary to this appeal, and alternatively, that the trial court impliedly found that John D. Adamson properly represented the interests of all of John H. Adamson's heirs.

The Adamson Appellants provide no support for their contention that this issue should not be heard on appeal. Instead the Adamson Appellants simply cite to Idaho Appellate Rule 35(b)(4), which allows for additional issues to be raised by respondents, and then proceed to argue that, since Bechtel agreed to have this case consolidated on appeal and since this issue applies to only one of the underlying lawsuits, it is not proper or necessary to this Court's ruling here.

---

[2] Identical other than that the heirs or representatives must prove the additional element that the defendant's injurious conduct caused the decedent's death.

Bechtel argues that a defendant may demand that a plaintiff in a wrongful action provide affirmative proof that each of the decedent's heirs has consented to the plaintiff's representation of their interest, citing to *Spokane & Inland Empire Railroad v. Whitley.*, 237 U.S. 487, 498-99 (1915). In *Whitley*, the U.S. Supreme Court, affirming this Court's decision in *Whitley v. Spokane & Inland Railway*, 23 Idaho 642, 132 P. 121 (1913), held that the statutory predecessor of I.C. § 5-311 "does not give to an administrator or personal representative an independent right of action, or authority to bind the heirs without their sanction, but an administrator is authorized by the statute to sue only on their behalf and with their consent." 237 U.S. at 498.

Bechtel cites to *Campbell v. Pacific Fruit Express Co*., 148 F. Supp. 209, 211-212 (D. Idaho 1957), in support of its argument that where an administrator or personal representative has failed to obtain consent or ratification from all of the decedent's heirs the wrongful death action should be dismissed. In *Campbell*, the court considered whether all the heirs of a decedent are indispensable parties to an action for wrongful death, and concluded that – as this Court in *Whitley* had found that generally only one action may be brought concerning a decedent's wrongful death – all heirs are necessary parties. 148 F. Supp. at 212. This Court has never previously addressed the specific issue that the *Campbell* court addressed and, as noted above, federal court interpretation of Idaho law holds no precedential value. However, we find the logic of the *Campbell* decision necessarily flows from our opinion in *Whitley*.

Bechtel asserts that reasonable time was given for the Adamson Appellants to join all necessary parties or otherwise gain the consent, ratification or waiver from all of John H. Adamson's heirs, as Bechtel raised this issue in a timely fashion before the district court. Bechtel argues that since "a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest," the action may be dismissed. I.R.C.P. 17(a). The Adamson Appellants respond that "John D. Adamson represented to the trial court that he had proper evidence that he was acting on behalf and with the approval of all living heirs of his father. Although there is no record of the submission of this evidence, there is no proof either that the trial court did not consider it."

As the district court did not make a ruling on this issue, we direct the district court to determine on remand whether the Adamson Appellants have properly demonstrated that all necessary parties have either waived their interests or been joined to the action, and if not,

whether a reasonable time has been allowed for the Adamson Appellants to attempt to correct this deficiency under I.R.C.P. 17(a).

## V. CONCLUSION

The district courts below incorrectly applied the condition precedent to claims for wrongful death under I.C. § 5-311, by applying it to the statute of limitations of the Decedents' potential personal injury claims. Properly understood, the condition precedent to Idaho's wrongful death act requires merely that the nature of the injury to the decedent was such that he could have brought a cause of action for such injuries if he had not died. Therefore, the grants of summary judgment in favor of Respondents are reversed and the cases remanded for further proceedings consistent with this opinion.

As it is unnecessary for our decision, we decline to address Appellants' argument concerning the "open courts" provision of Article I, § 18 of the Idaho Constitution. On remand the case brought by the Adamson Appellants shall be examined to determine whether all necessary parties have been joined, assented to being represented by the Adamson Appellants or waived their interests, and if not, whether dismissal is proper under I.R.C.P. 17(a). Costs to Appellants.

Chief Justice EISMANN and Justices J. JONES, HORTON and TROUT, Pro Tem, **CONCUR.**