146 P.3d 677

**POINT OF ROCKS RANCH, L.L.C. and Elaine A. French, Plaintiffs–Appellants,**

v.

**SUN VALLEY TITLE INSURANCE COMPANY, Defendant,**

**and**

**Commonwealth Land Title Insurance Company, Defendant–Respondent.**

No. 31959.

Supreme Court of Idaho, Boise, October 2006 Term.

Oct. 25, 2006.

**412**

Speck & Aanestad, Ketchum, for appellants. James P. Speck argued.

Lawson & Laski, PLLC, Ketchum, for respondent. Edward A. Lawson argued.

EISMANN, Justice.

This is an appeal from a judgment holding that the appellants were not entitled to recover under the terms of a policy of title insurance where they discovered an undisclosed encumbrance after they had conveyed the real property to another. We affirm the judgment.

## I. FACTS AND PROCEDURAL HISTORY

On December 27, 2001, John and Elaine French (Frenches) purchased a parcel of real property located in Blaine County, Idaho. In connection with that purchase, they obtained a policy of title insurance issued by Commonwealth Land Title Insurance Company (Commonwealth).

On February 4, 2002, the Frenches conveyed the real property by warranty deed to Point of Rocks, LLC, an Idaho limited liability company that they owned. The warranty deed was expressly made subject to easements of record, and it was recorded on February 15, 2002.

On April 12, 2002, the Frenches learned that the United States of America had, by written agreement dated March 5, 1954, obtained an easement across the real property. The easement had been properly recorded on March 25, 1954, and was for the purpose of providing access to water by livestock grazing on the adjoining public lands.

The Frenches made a claim under the title insurance policy, which Commonwealth rejected. The Frenches then brought this lawsuit, and later moved for partial summary judgment holding that Commonwealth was liable to them under the policy of title insurance. After the matter was briefed and argued, the district court denied the Frenches' motion and granted judgment in favor of Commonwealth. The Frenches then appealed.

## II. ANALYSIS

In an appeal from an order of summary judgment, this Court's standard of review is the same as the standard used by the trial court in ruling on a motion for summary judgment. *Infanger v. City of Salmon,* 137 Idaho 45, 44 P.3d 1100 (2002). All disputed facts are to be construed liberally in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party. *Id.* Summary judgment is appropriate if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

any material fact and that the moving party is entitled to a judgment as a matter of law. *Id.* If the evidence reveals no disputed issues of material fact, then only a question of law remains, over which this Court exercises free review. *Id.*

■ The duration of coverage under the policy is defined by the following provision:

## 2. CONTINUATION OF INSURANCE AFTER CONVEYANCE OF TITLE

The coverage of this policy shall continue in force as of Date of Policy in favor of an insured only so long as the insured retains an estate or interest in the land, or holds an indebtedness secured by a purchase money mortgage given by a purchaser from the insured, or only so long as the insured shall have liability by reason of covenants of warranty made by the insured in any transfer or conveyance of the estate or interest. This policy shall not continue in force in favor of any purchaser from the insured of either (i) an estate or interest in the land, or (ii) an indebtedness secured by a purchase money mortgage given to the insured.

Under this provision, coverage continues (a) "only so long as the insured retains an estate or interest in the land," or (b) "only so long as the insured ... holds an indebtedness secured by a purchase money mortgage given by a purchaser from the insured," or (c) "only so long as the insured shall have liability by reason of covenants of warranty made by the insured in any transfer or conveyance of the estate or interest."

It is undisputed that coverage under the title insurance policy ceased on February 4, 2002, when the Frenches conveyed the real property to their limited liability company. As of that date, the Frenches no longer had an estate or interest in the land, and their limited liability company had not granted the Frenches a purchase money mortgage. The warranty deed given by the Frenches was made "SUBJECT to taxes, easements, restrictions, reservations, assessments and encumbrances of record, if any." Because the deed excluded easements from the covenants

of warranty, the Frenches also did not have any liability for the breach of such covenants due to the existence of the easement.

The Frenches contend, however, that the above-quoted provision should be construed to mean that coverage only terminated with respect to claims that may arise in the future. In other words, the Frenches contend the provision merely means that there is no coverage for liens, encumbrances, or title defects that came into existence after the Frenches conveyed the property. Since they had a claim, albeit unknown, while they owned the real property, they should still be permitted to recover damages[1] under the policy.

■ "Whether an insurance policy is ambiguous is a question of law over which this Court exercises free review. A policy provision is ambiguous if it is reasonably subject to differing interpretations." *Purdy v. Farmers Ins. Co. of Idaho,* 138 Idaho 443, 444, 65 P.3d 184, 185 (2003) (citations omitted). The interpretation proposed by the Frenches is not reasonable because it would result in the above-quoted provision becoming meaningless.

The title policy only insures the state of the title as of the date the policy was issued. It provides:

SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE EXCEPTIONS FROM COVERAGE CONTAINED IN SCHEDULE B AND THE CONDITIONS AND STIPULATIONS, COMMONWEALTH LAND TITLE INSURANCE COMPANY, a Pennsylvania corporation, herein called the Company, insures, as of the Date of Policy shown in Schedule A, against loss or damage, not exceeding the Amount of Insurance stated in Schedule A, sustained or incurred by the insured by reason of:

1. Title to the estate or interest described in Schedule A being vested other than as stated therein;

2. Any defect in or lien or encumbrance on the title;

3. Unmarketability of the title;

---

1. We express no opinion as to whether the Frenches could have suffered any damage where

they had voluntarily conveyed the land before discovering the easement.

4. Lack of a right of access to and from the land.

The exclusions from coverage include "[d]efects, liens, encumbrances, adverse claims or other matters ... attaching or created subsequent to Date of Policy." The policy does not insure against liens, encumbrances, or title defects that may come into existence after the date of the policy. Construing the policy provision at issue as only applying to future liens, encumbrances, or title defects would render it meaningless. There is already no coverage for such matters.

The provision setting the duration of coverage under the title insurance policy is unambiguous. Under it, the Frenches are not entitled to recover under the policy for the easement discovered after they had conveyed the real property to their limited liability company. The Frenches cite authorities holding that a conveyance of the property after discovery of a claim under a title policy should not prevent recovery under the policy. We need not address that issue because the Frenches conveyed the land to their limited liability company before, not after, they had discovered the easement and made a claim under the policy.

■■■ The Frenches assert that if they are not entitled to recover under the terms of the title policy, it only provides an illusion of coverage. When a policy only provides an illusion of coverage for its premiums, the policy limitations and exclusions will be considered void as violating public policy. *National Union Fire Ins. Co. of Pittsburgh, P.A. v. Dixon*, 141 Idaho 537, 112 P.3d 825 (2005). An insurance policy's coverage is illusory if "it appears that if any actual coverage does exist it is extremely minimal and affords no realistic protection to any group or class of injured persons." *Martinez v. Idaho Counties Reciprocal Mgmt. Program*, 134 Idaho 247, 252, 999 P.2d 902, 907 (2000). The coverage provided by the title insurance policy in this case is clearly not illusory. It provided $3,500,000 in coverage during the entire time that the Frenches owned the real property. Even after the sale, it would have

continued to provide coverage had the Frenches' warranty deed not excluded easements from the covenants of warranty.

■■■ The Frenches next argue that denying them recovery under the policy of title insurance constitutes a forfeiture of the insurance contract. Construing the duration of coverage under an insurance contract according to its unambiguous provisions does not constitute a forfeiture.

The Frenches finally attack the provision at issue by claiming that it constitutes an improper restraint on the alienation of real property. They assert that had they learned of the easement while they still owned the real property, they could not have conveyed the property before resolution of their claim against the title insurer without losing coverage. They contend that the loss of coverage would have been such an economic disincentive that it would have prevented them from conveying the property while their claim remained unresolved, thereby constituting an improper restraint on alienation during that period of time. We need not address whether the risk of losing coverage under the title insurance policy if the property is conveyed before a claim under the policy is resolved is sufficient to constitute an improper restraint on alienation. *See Lake v. Equitable Sav. and Loan Ass'n*, 105 Idaho 923, 674 P.2d 419 (1983) (a due-on-sale clause does not constitute a direct or indirect restraint on alienation). In this case, the Frenches were not faced with that quandary.

■■■ The Frenches also assert that their limited liability company was an insured under the policy because it obtained title to the real property by operation of law. The applicable policy provision defines an "insured" as including "those who succeed to the interest of the named insured by operation of law as distinguished from purchase including, but not limited to, heirs, distributees, devisees, survivors, personal representatives, next of kin, or corporate or fiduciary successors." Idaho Code § 9–503[2] provides that an estate

---

**2.** The statute provides:

No estate or interest in real property, other than for leases for a term not exceeding one (1)

year, nor any trust or power over or concerning it, or in any manner relating thereto, can be created, granted, assigned, surrendered, or

or interest in real property can be created either by operation of law or by a duly executed written instrument. Those are two separate means by which an estate or interest in real property can be acquired. In this case, the Frenches conveyed the land to their limited liability company by a properly executed written instrument—the warranty deed. Their limited liability company therefore did not acquire title by operation of law.

Finally, the Frenches claim attorney fees on appeal pursuant to Idaho Code §§ 12–121 and 41–1839. Because they have not prevailed on appeal, they are not entitled to attorney fees under either statute. *Ameritel Inns, Inc. v. Greater Boise Auditorium Dist.*, 141 Idaho 849, 119 P.3d 624 (2005); *Lovey v. Regence BlueShield of Idaho*, 139 Idaho 37, 72 P.3d 877 (2003).

### III. CONCLUSION

We affirm the judgment of the district court and award costs on appeal to the respondent.

Chief Justice SCHROEDER, and Justices TROUT, BURDICK and JONES concur.

declared, otherwise than by operation of law, or a conveyance or other instrument in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by his lawful agent thereunto authorized by writing.