J. JONES, Justice.
This is an appeal from a declaration of no coverage under an umbrella policy issued by Farm Bureau Mutual Insurance Company of Idaho (“Farm Bureau”) to John and Lisa Schrock for a claim brought by their daughter Stacy Schrock. We affirm.
I.
Facts and Procedural History
Farm Bureau issued two insurance policies to John and Lisa Schrock, the City Squire Policy (the “Squire Policy”),[1] and the Personal Umbrella Policy (the “Umbrella Policy”). The Squire Policy provides up to $500,000 in automobile liability coverage, while the Umbrella Policy provides supplemental liability coverage up to $1,000,000. The inquiry here is whether coverage is available under the Umbrella Policy for injuries sustained by John and Lisa’s daughter, Stacy Schrock, in a single-car accident that occurred on October 24, 2008. Lisa Schrock owned the 2001 Isuzu Rodeo involved in the accident. However, Christa Springer, a friend of Stacy’s, was operating the vehicle with Stacy’s permission at the time of the accident. Christina Monroe, Michele Runyan and April Seitzinger were also passengers in the vehicle at the time of the crash. All passengers in the Rodeo sustained injuries, including Stacy, who “sustained significant and permanent injuries.” Farm Bureau does not dispute its liability under the Squire Policy for Stacy’s injuries because a claim by Stacy against Christa is covered under the policy. However, Stacy is also making a claim under the Umbrella Policy because the severity of her injuries is likely to exceed the $500,000 limit of the Squire Policy.
To determine its liability under the Umbrella Policy, Farm Bureau filed a declaratory judgment action against the Appellants, seeking a determination of no coverage. Specifically, Farm Bureau argued there was no basis for coverage under the Umbrella Policy for a claim against Christa because she did not qualify as an insured under the policy. The coverage grant in the Umbrella Policy provides that: “We will pay damages for which the insured becomes legally responsible caused by ... an occurrence to which this insurance applies that results in bodily injury ...”[2] A permissive driver is not an “insured” under the Umbrella Policy, unless the driver is an employee of a named insured. Therefore, Farm Bureau argued there is no coverage for a claim brought by Stacy against Christa, because Christa is not an employee of either John or Lisa.
Additionally, Farm Bureau argued that even if the policy were to be construed to generally provide coverage, two exclusions would apply to specifically prohibit coverage. These exclusions provide:
We do not cover:
9. A permissive driver. If state law requires that this policy apply to a permissive driver, however, our applicable limit of liability for an occurrence shall be reduced (see Part V Limit of Liability). This exclusion does not apply if the permissive driver is your employee [the Permissive Driver Exclusion]
16. Personal injury, bodily injury, or property damage, sustained by you, your spouse, your minor children, your relative, *820 or any other insured [the Household Exclusion]
Subsequently, John Schrock, Stacy Schrock and Christina Monroe filed a counterclaim seeking a declaration of coverage under the policy. Farm Bureau filed a motion for summary judgment on the issue, and also sought a dismissal of the counterclaim. Several of the defendants filed a cross-motion for summary judgment.[3]
Appellants argued before the district court that, while there may not be coverage for a claim by Stacy against Christa under the Umbrella Policy, there would be coverage for a claim brought by Stacy against Lisa, if Christa’s negligence is imputed to Lisa pursuant to I.C. 49-2417.[4] Additionally, they argued that Exclusion 8 in the Umbrella Policy is a savings clause[5] which incorporates the coverage provided by the Squire Policy into the Umbrella Policy. This section provides that:
We do not cover:
8. Bodily injury or property damage arising out of the ownership, maintenance, use, or entrustment to others of any motor vehicle unless covered by valid and collectible underlying insurance described in the Declarations, and then only to the extent such injury or damages are covered by such policy [Exclusion 8]
They argued that the Permissive Driver Exclusion and the Household Exclusion are in conflict with the savings clause and must be construed against Farm Bureau. Specifically, because the Permissive Driver Exclusion prohibits all coverage for permissive drivers, that exclusion would render meaningless the coverage for entrustment of an insured vehicle to another person covered by the savings clause and is, therefore, ambiguous, and should be construed in favor of coverage. Additionally, because the Household Exclusion does not specifically apply to motor vehicle insurance coverage, it should be construed narrowly and not negate coverage under the savings clause. Alternatively, they argued that the Household Exclusion should be declared void under Farmers Ins. Group v. Reed, 109 Idaho 849, 712 P.2d 550 (1985), which held that an exclusion for household members in a primary motor vehicle policy violated statutory insurance requirements, and that such an exclusion is violative of public policy.
The district court granted summary judgment in favor of Farm Bureau, holding that the Umbrella Policy does not provide coverage for any of the named defendants. The court determined that Exclusion 8 limited coverage under the Umbrella Policy and was not a basis for additional coverage. As such, the court ruled that there was no ambiguity between Exclusion 8 and the Permissive Driver and Household Exclusions. The district court refused to extend Reed’s prohibition of household exclusions in motor vehicle liability insurance policies to the Umbrella Policy at issue in this case. Further, the district court held that I.C. § 49-2417 only creates imputed liability under primary motor vehicle insurance coverage and does not affect umbrella policies.
II.
Issues on Appeal
Appellants ask the Court to decide whether: (1) Exclusion 8 is properly construed as a savings clause; (2) if Exclusion 8 is a savings clause, is it in conflict with the Permissive Driver and Household Exclusions, rendering them ineffective to deny coverage for Stacy’s claim; (3) I.C. § 49-2417 requires imputed liability up to the limits of the Umbrella Policy; (4) public policy bars Farm Bureau *821 from using the Household Exclusion to deny coverage; and (5) Appellants are entitled to attorney fees on appeal.
III.
Analysis
A. Standard of Review
This Court reviews a district court’s ruling on a motion for summary judgment under the same standard as the district court. Cherry v. Coregis Ins. Co., 146 Idaho 882, 884, 204 P.3d 522, 524 (2009). Summary judgment should be granted where the “pleadings, depositions, and admissions on file, together -with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” I.R.C.P. 56(c). The moving party has the burden of demonstrating that there is no genuine issue of material fact. Cherry, 146 Idaho at 884, 204 P.3d at 524. “Disputed facts should be construed in favor of the non-moving party, and all reasonable inferences that can be drawn from the record are to be drawn in favor of the non-moving party.” Castorena v. General Elec., 149 Idaho 609, 613, 238 P.3d 209, 213 (2010).
This Court exercises free review over questions of law, including whether an insurance policy is ambiguous. Cherry, 146 Idaho at 884, 204 P.3d at 524. If the language of an insurance policy is clear, then the language will be given its plain and ordinary meaning. Farm Bureau Ins. Co. of Idaho v. Kinsey, 149 Idaho 415, 419, 234 P.3d 739, 743 (2010). “To determine whether a policy is ambiguous, the Court must ask whether the policy is reasonably subject to conflicting interpretations.” Cherry, 146 Idaho at 884, 204 P.3d at 524. If confronted with ambiguous language, the reviewing court must determine what a reasonable person would understand the language to mean. Kinsey, 149 Idaho at 419, 234 P.3d at 743. Furthermore, “[b]eeause insurance policies are contracts of adhesion that are not usually subject to negotiation between the parties, any ambiguity in a policy is construed strongly against the insurer.” Id. To this end, “where language may be given two meanings, one of which permits recovery while the other does not, the policy should be given the construction most favorable to the insured.” Cherry, 146 Idaho at 884, 204 P.3d at 524.
B. Analysis of the Umbrella Policy
The Umbrella Policy makes a broad grant of liability coverage for the benefit of its named insureds. The policy says: “We will pay damages for which the insured becomes legally responsible caused by ... an occurrence to which this insurance applies that results in bodily injury or property damage----”[6] The Umbrella Policy states that the liability limits are only available when the damages at issue exceed the limits of an underlying insurance policy and when those underlying policy limits have been exhausted. In other words, this Umbrella Policy is an extended liability policy that provides additional coverage when an insured becomes liable for another’s injuries over and above any underlying insurance — it is a supplemental liability policy.
In this case, the Squire Policy is specifically referenced in the Umbrella Policy as an underlying insurance policy with a $500,000 liability limit. Thus, for the Umbrella Policy to apply, a claim for damages must exceed the $500,000 policy limit of the Squire Policy and that limit must be exhausted. Stacy has already been awarded the limit under the Squire Policy and is likely to exceed the limit of the Umbrella Policy. Therefore, the exhaustion requirement would be met. If Christa’s negligence is imputed to Lisa, rendering Lisa “legally responsible” for Stacy’s injuries,[7] then the Umbrella Policy might *822 provide additional insurance coverage up to $1,000,000.
However, “[t]hese coverages are subject to all exclusions, terms, and conditions of this policy.” Among the thirty-one exclusions from coverage in the Umbrella Policy, there are three that are relevant to this appeal— Exclusion 8, the Permissive Driver Exclusion and the Household Exclusion. As an initial point of clarification, the importance of Exclusion 8 is not that it serves as a basis for coverage under the Umbrella Policy for a claim by Stacy against Christa. Although Exclusion 8 allegedly incorporates all coverage provided by the Squire Policy, which includes coverage for a claim by Stacy against Christa, such a claim would not fall within the coverage grant of the Umbrella Policy because Christa does not qualify as an insured under the Umbrella Policy. Therefore, Appellants make clear that any claim by Stacy under the Umbrella Policy would not be against Christa but, rather, against Stacy’s mother, Lisa. To this end, if Exclusion 8 is interpreted as a savings clause, it is arguably in conflict with the Permissive Driver and Household Exclusions such that those exclusions from coverage cannot be used as the basis for denial of Stacy’s claim.
We need not parse through the three exclusions since the Household Exclusion dearly bars Lisa’s claim. This provision states:
We do not cover:
16. Personal injury, bodily injury, or property damage sustained by you, your spouse, your minor children, your relative, or any other insured;
This section unequivocally prohibits coverage for any relative of an insured. A relative is defined as any person related to John and Lisa by blood and residing in their household, and all parties conceded that Stacy met this definition. Therefore, we hold that the Household Exclusion clearly denies coverage under the Umbrella Policy for Stacy’s claim because she is Lisa’s relative. That being the case, we need not explore the effect of the other exclusions in this opinion.
C. I.C. § 49-2417 Does Not Apply to the Umbrella Policy
Appellants also argue that if Christa’s liability is imputed to Lisa pursuant to I.C. § 49-2417(1), subsection (2) of this provision requires coverage for Lisa’s imputed liability up to the liability limits available under the Umbrella Policy. However, the district court determined that this provision only applies to motor vehicle liability policies and is, therefore, inapplicable to umbrella policies. We agree.
Idaho Code section 49-2417 imputes the negligence of a permissive driver to the vehicle’s owner. “Every owner of a motor vehicle is liable ... for the ... injury to a person ... resulting from negligence in the operation of his motor vehicle ... by any person using or operating the vehicle with the permission, expressed or implied, of the owner....” I.C. § 49-2417(1). The owner’s liability is imputed up to the greater of the statutory mínimums for a motor vehicle liability policy, or the liability limits provided by the insured’s policy. “The liability of an owner for imputed negligence ... is limited to the amounts set forth under ‘proof of financial responsibility’ in section 49-117, Idaho Code, or the limits of the liability insurance maintained by the owner, whichever is greater.” I.C. § 49-2417(2) (emphasis added).
The statute does not define “liability insurance”. The Appellants argue this phrase is intended in its broadest meaning, such that it applies to all forms of liability insurance, including the Umbrella Policy at issue in this case. We disagree with this contention.
The Legislature amended I.C. § 49-2417(2) in 2007 when it also amended I.C. § 49-1212(12) to prohibit insurers from pro *823 viding step-down limits for household members under an insured’s primary motor vehicle policy. See 2007 Idaho Sess. Laws Ch. 307. Idaho Code section 49-1212(12) provides that “[n]o motor vehicle liability policy providing coverage beyond state mandated minimum limits shall provide a reduced level of coverage to any insured’s family or household member or other authorized user.... ” I.C. § 49-1212(12). This amendment reflects a clear intent by the Legislature to prohibit step-down limits for household members and other authorized users under an insured’s primary motor vehicle liability policy. Had the Legislature not amended the imputed liability provisions in I.C. § 49-2417, an insured’s primary motor vehicle policy could provide coverage for “authorized users” of the vehicle, pursuant to I.C. § 49-1212(12), in excess of the statutory minimums, but nonetheless have his or her liability capped at the statutory minimums pursuant to an unamended I.C. § 49-2417(2). In other words, even though an insured’s policy would provide liability coverage in excess of the statutory minimums, an owner’s imputed negligence would still be limited to the statutory minimums. To prevent this anomalous result, the Legislature amended both sections at the same time. To this end, because I.C. § 49-1212(12) specifically applies to motor vehicle liability policies, and because it was amended in concert with I.C. § 49-2417(2), it stands to reason that the Legislature intended that the latter provision was also intended to be limited to motor vehicle liability policies.
Additionally, the fact that the Legislature amended these two provisions in concert without amending I.C. § 49-1212(6), which distinguishes motor vehicle liability policies from excess or supplemental policies, shows that the Legislature intended the liability insurance reference in I.C. § 49-2417 to apply only to motor vehicle liability insurance.
Any policy which grants the coverage required for a motor vehicle liability policy may also grant any lawful coverage in excess of or in addition to the coverage specified for a motor vehicle liability policy, and any excess or additional coverage shall not be subject to the provisions of this chapter. With respect to a policy which grants an excess of additional coverage the term ‘motor vehicle liability policy’ shall apply only to that part of the coverage which is required by this section.
I.C. § 49-1212(6). In other words, an insurer can provide supplemental coverage under an umbrella policy without subjecting itself to the statutory mandates that apply to a motor vehicle liability policy. To follow the Appellants’ argument that the Legislature intended to impose liability up to the limits of an insured’s supplemental policy, would essentially render I.C. § 49-1212(6) a nullity, because an insurer would no longer be able to limit its liability under a supplemental liability policy without also having to comply with motor vehicle policy requirements. Consequently, we hold that the Legislature intended the words “liability insurance” in I.C. § 49-2417(2) to apply only to motor vehicle liability policies and, therefore, this provision does not apply to supplemental policies such as the Umbrella Policy at issue in this ease.
D. Public Policy Does Not Bar Application of the Household Exclusion in the Umbrella Policy
Appellants assert that the Household Exclusion in the Umbrella Policy is violative of public policy, citing Farmers Ins. Group v. Reed, where the Court held a household exclusion in a motor vehicle liability insurance policy to be in violation of the then-extant financial responsibility statute and against public policy. 109 Idaho at 851, 712 P.2d at 552. At the time of the Reed decision, the relevant code section provided that “[e]very owner of a motor vehicle ... shall continuously provide insurance against loss resulting from liability imposed by law for bodily injury or death or damage to property suffered by any person caused by maintenance or use of a motor vehicle____” I.C. § 49-233 (1978) (emphasis added) redesignated as I.C. §§ 49-1229 and 49-1230. This provision made no exception to the coverage requirement for “any” person injured by a motor vehicle and, therefore, could not exclude coverage for a claim brought by a family member of the insured. The Court interpreted I.C. § 49-233 as stating a clear *824 policy of protecting injured persons, regardless of their relation to the insured, by mandating insurers to cover their claims. Farmers, 109 Idaho at 851, 712 P.2d at 552. The Court held that the household exclusion was against public policy because such an exclusion “in a liability insurance policy leaves completely unprotected those family members injured when another family or household member is at the wheel in a negligently caused automobile accident.” Id.
However, unlike the clear public policy identified by the Legislature in former I.C. § 49-233, there is no indication of such a policy in I.C. § 49-2417. Indeed, based on our analysis in the previous section, there is no indication the Legislature intended to encompass umbrella policies within the coverage of I.C. § 49-2417(2). Because the Legislature has not identified a clear policy requiring coverage for all household members in an insured’s umbrella policy, and because we interpret I.C. § 49-2417 to apply only to motor vehicle liability policies, we decline to extend the public policy rationale stated in Reed to mandate coverage for household members in umbrella policies.
E. Appellants are Not Entitled to Attorney Fees on Appeal
Appellants argue for attorney fees on appeal under I.C. § 12-120(3) because the case involves a commercial transaction. Although Appellants initially argued for attorney fees on appeal pursuant to I.C. § 41-1839(1), as well as § 12-121, both those claims were subsequently withdrawn. Because Appellants are not the prevailing parties, they are not entitled to attorney fees. Point of Rocks Ranch, L.L.C. v. Sun Valley Title Ins. Co., 143 Idaho 411, 415, 146 P.3d 677, 681 (2006).
IV.
Conclusion
Because the Household Exclusion is unambiguous in its prohibition of coverage for relatives of John and Lisa Sehrock, we hold that this exclusion bars coverage for Stacy’s claim. Neither I.C. § 49-2417 nor public policy require coverage of the claim. Thus, we affirm the district court. Costs on appeal to Farm Bureau.
Justice HORTON concurs.

. Although the City Squire Policy provides several types of liability coverage, all references to the "Squire Policy” in this opinion refer only to that portion of the City Squire Policy that provides motor vehicle liability coverage.

. All bolded terms are bolded in the original Umbrella Policy and represent defined terms. These definitions will be provided herein as necessary.

. Specifically, John Schrock, Stacy Schrock, April Seitzinger, Michele Runyan and Christina Monroe filed the cross-motion for summary judgment.

. This section imputes the negligence of a permissive driver to a vehicle’s owner. I.C. § 49-2417(1). See Part III.C. infra for a further discussion of this provision.

.As used herein, "savings clause” means an exception to the exclusion of coverage in Exception 8 for injuries related to motor vehicle accidents. In other words, the Umbrella Policy contains a grant of coverage that would include the claim in this case but for the exclusion in Exemption 8. Where Exemption 8 then goes on to except from its limitation language the underlying policy, it saves the coverage initially granted.

. The Umbrella Policy coverage grant is very broad and not limited to damage resulting from motor vehicle usage.

. In order for Lisa to be legally responsible for Stacy’s injuries, the scope of permission granted by Lisa to Stacy to allow others to use the Rodeo “as she saw fit," must have been broad enough to encompass the subsequent permission granted from Stacy to Christa to use the Rodeo the day of the accident. This Court has recognized that in order to impute liability under I.C. § 49-2417, there is a question of fact to be proven at trial regarding whether express or implied permission has been given. Oregon Mut. Ins. Co. v. Farm *822 Bureau Mut. Ins. Co. of Idaho, 148 Idaho 47, 52, 218 P.3d 391, 396 (2009). Because "[disputed facts should be construed in favor of the non-moving party,” we view such factual disputes in favor of the Appellants upon review of a summary judgment motion. Castorena, 149 Idaho at 613, 238 P.3d at 213. As such, pursuant to I.C. § 49-2417, this Court assumes that Christa’s negligence could be imputed to Lisa for the purposes of this appeal. Where Christa’s negligence is imputed to Lisa, Lisa is "legally responsible” for Stacy’s injuries such that her claim would fall within the initial grant of coverage under the Umbrella Policy.