J. JONES, J.,
specially concurring.
I concur in the Court’s opinion, including the conclusion that neither the Estate nor the Heirs can recover underinsured motorist benefits under the Policy based on a wrongful death claim. That does not mean, however, that a personal representative, acting on behalf of an insured decedent’s estate, may not recover benefits contractually available under an insurance policy like that involved here.
Coverage P-1 of the Policy, the underinsured motorist provision, states: •
We will pay damages which an insured is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of bodily injury sustained by an insured and caused by an occurrence.
This language states, without qualification or limitation, that Farm Bureau will pay damages that an insured is legally entitled to recover from an underinsured motorist because of bodily injury (defined as “physical injury or death”) sustained by the insured in an accident (occurrence). Damages that an injured plaintiff is legally entitled to recover as a result of an accident are itemized in Idaho’s pattern jury instructions (IDJI2d) and include pain and suffering, impairment of abilities, disfigurement, aggravation of preexisting conditions, necessary medical expenses, past and future earnings, and necessary services provided by others. IDJI 9.01. Those elements of damage certainly appear to be available to any insured under the Policy.
Nevertheless, Farm Bureau argues that “[u]nder Idaho law, any claim [Eisenman] had against the tortfeasor ended with her death,” citing Evans v. Twin Falls County, 118 Idaho 210, 796 P.2d 87 (1990). Farm Bureau stretches the holding in that case a bit because the case dealt specifically with the abatement of a claim for “pain and suffering” upon a decedent’s death. Id. at 216, 796 P.2d at 93. However, there is no language in the Policy stating that damages available under Coverage P-1 will not be paid if the insured dies. Indeed, this position is a bit difficult to reconcile with the contract language stating Farm Bureau will pay damages for the insured’s bodily injury, which the Policy specifically defines as “physical injury or death to a person.” Thus, the Policy clearly states that Farm Bureau “will pay damages which an insured is legally entitled to recover ... because of [physical injury or death] sustained by an insured.” Farm Bureau’s promise to pay damages resulting from the death of the insured must mean something, perhaps that any legally recoverable damages that accrue under Coverage P-1 from the time of the occurrence to and including the death of the insured will be paid by Farm Bureau. Farm Bureau does know how to restrict its liability because Coverage P-1 goes on to specifically exclude from coverage “bodily injury for which a *556 claim against the owner or driver of the ... underinsured motor vehicle is barred by the applicable statute of limitations.” However, there is no language in Coverage P-1 that limits the company’s obligation to pay damages for the physical injury or death of the insured. Apparently, Farm Bureau takes the position that the common law rule of non-survival of causes of action must be read into every insurance contract, regardless of whether the policy language may state or imply otherwise, and that parties to a contract may not agree to override the effect of a generally applicable rule of law.
While Farm Bureau’s interpretation of Coverage P-1 may have some merit, it is more likely that a reasonable person would understand the language to mean that the insured is entitled to recover all damages available under IDJI 9.01 that began accruing and vesting under the Policy from the time of the accident. See Farm Bureau Mut. Ins. Co. v. Schrock, 150 Idaho 817, 821, 252 P.3d 98, 102 (2011) (“If confronted with ambiguous language, the reviewing court must determine what a reasonable person would understand the [insurance policy] language to mean.”) “[Wjhere [insurance policy] language may be given two meanings, one of which permits recovery while the other does not, the policy should be given the construction most favorable to the insured.” Id. Further, “Since ambiguous language is construed in favor of the insured, ‘the burden is on the insurer to use clear and precise language if it wishes to restrict the scope of its coverage.’” Mortensen v. Stewart Title Guaranty Co., 149 Idaho 437, 442, 235 P.3d 387, 392 (2010) (bolding in original) (citing Arreguin v. Farmers Ins. Co., 145 Idaho 459, 461, 180 P.3d 498, 500 (2008)). Here, there is no contract language indicating that the unequivocal commitment to pay recoverable damages for physical injury or death is conditioned upon the insured’s survival, that the insured is not entitled to all elements of damage that began accruing immediately upon the occurrence of the accident, or that the decision as to whether or not damages are payable will only be determined after the insured sues the tortfeasor and recovers during his or her lifetime. Farm Bureau could have placed such language in the Policy in order to make clear its claimed limitation of exposure, but it failed to do so.
Damages in an accident accrue from the instant the accident occurs. In this case medical expenses were required for Eisenman from the inception of the accident and accrued until her death several hours later. Her death was an insured bodily injury that necessitated the payment of funeral expenses. Although a specific provision of the Policy provided for payment of “reasonable and necessary medical and funeral expenses incurred within 3 years from the date of’ the accident, Coverage P-1 would also require payment of such expenses. In this case the Estate’s proof of loss does not include claims for pain and suffering or lost income, presumably because the insured died within hours of the accident. However, had the insured lingered on for weeks or months and sustained pain and suffering or loss of income, those elements of damage would also be recoverable under the Policy. Even though this Court has held that a claim for pain and suffering abates upon a decedent’s death (Evans, 118 Idaho at 216, 796 P.2d at 93), the Policy here allows for recovery of those damages, being damages an insured “is legally entitled to recover from the” underinsured motorist, at least until the pain and suffering ceases upon the insured’s death. Similarly, lost income is an element of damage which an insured is legally entitled to recover. Although neither pain and suffering nor lost income is at issue in this case, our decision should not be read to preclude their recovery in an appropriate factual situation different from that involved here.
While I agree that neither the Estate nor the Heirs may recover wrongful death damages under the Policy, that does not mean that the Estate may not, standing in the shoes of the decedent, recover benefits contractually owing under the language of Coverage P-1. Under I.C. § 15-3-715(3), the personal representative steps into the shoes of the decedent with regard to the decedent’s contracts. While a wrongful death action by the Estate or Heirs is a separate statutory claim, not based upon contract, a claim for underinsured motorists benefits is solely based on contract. However, in this case, *557 since the insured decedent’s medical and funeral expenses have already been paid and since no claim has been made for any other potentially recoverable elements of damage, the district court’s holding is appropriately reversed.