# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51902

| | |
|---|---|
| ANGIE FORESEE, | ) |
| | ) Filed: June 2, 2025 |
| Plaintiff-Appellant, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) |
| METROPOLITAN GROUP | ) |
| PROPERTY AND CASUALTY | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant-Respondent. | ) |
| | ) |
| and | ) |
| | ) |
| DOES I-V, individuals and/or entities of | ) |
| unknown origin, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Nancy A. Baskin, District Judge.

Judgment of the district court dismissing complaint, affirmed.

BGN Attorneys; Scott G. Boyce, Spokane, Washington, for appellant. Scott G. Boyce argued.

Elam & Burke, P.A.; Julianne S. Hall, Boise, for respondent. Julianne S. Hall argued.

_____

TRIBE, Judge

Angie Foresee appeals from the judgment of the district court dismissing her complaint and awarding attorney fees in favor of Metropolitan Group Property and Casualty Insurance Company (Metropolitan). We affirm.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Foresee was involved in a rear-end collision with a third-party driver (at-fault driver). At the time of the accident, the at-fault driver carried a liability automobile insurance policy that had a $100,000 coverage limit per person. Foresee had underinsured motorist coverage (UIM) that included a $50,000 coverage limit per person through Metropolitan. Foresee alleged damages in excess of $100,000.

Foresee settled with the at-fault driver's insurer. She then made a claim against Metropolitan for the limits of her UIM policy. Metropolitan denied coverage and Foresee commenced the present suit.

The parties filed cross-motions for summary judgment. Foresee's motion for partial summary judgment argued that, pursuant to the Idaho Supreme Court's decision in *Pena v. Viking Ins. Co. of Wis.*, 169 Idaho 730, 503 P.3d 201 (2022), UIM coverage cannot be offset below $25,000. Foresee asserted that, if the UIM coverage could be offset below $25,000, it would be illusory and against public policy. Metropolitan's motion for summary judgment argued that the offset provision in Foresee's UIM policy is fully enforceable. Both motions presented a legal question--whether an offset provision in a UIM policy can reduce the insured's recovery under that policy below $25,000.

The district court held Metropolitan's offset provision is valid and fully enforceable because the amount of Foresee's UIM coverage exceeds the statutorily required minimum of $25,000. The district court found Metropolitan's offset provision is not illusory because there are scenarios under which Foresee could recover Metropolitan's UIM coverage, even if not in full. The district court also found the UIM coverage is not against public policy and does not lead to absurd results. Metropolitan's summary judgment motion was granted, and Foresee's complaint was dismissed. The district court awarded attorney fees to Metropolitan. Foresee timely appeals.

# II.

## STANDARD OF REVIEW

On appeal from summary judgment, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App.

2

1986).  Summary judgment is proper if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Idaho Rule of Civil Procedure 56(c).  Disputed facts and reasonable inferences are construed in favor of the nonmoving party.  *Castorena v. Gen. Elec.*, 149 Idaho 609, 613, 238 P.3d 209, 213 (2010).  This Court freely reviews issues of law.  *Cole v. Kunzler*, 115 Idaho 552, 555, 768 P.2d 815, 818 (Ct. App. 1989).

The interpretation of a statute is an issue of law over which we exercise free review.  *Aguilar v. Coonrod*, 151 Idaho 642, 649-50, 262 P.3d 671, 678-79 (2011).  Such interpretation must begin with the literal words of the statute; those words must be given their plain, usual, and ordinary meaning; and the statute must be construed as a whole.  *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 893, 265 P.3d 502, 506 (2011).  It is well established that where statutory language is unambiguous, legislative history and other extrinsic evidence should not be consulted for the purpose of altering the clearly expressed intent of the legislature.  *Id.*  Only where a statute is capable of more than one conflicting construction is it said to be ambiguous and invoke the rules of statutory construction.  *L & W Supply Corp. v. Chartrand Fam. Tr.*, 136 Idaho 738, 743, 40 P.3d 96, 101 (2002).  If it is necessary for this Court to interpret a statute because an ambiguity exists, then this Court will attempt to ascertain legislative intent and, in construing the statute, may examine the language used, the reasonableness of the proposed interpretations, and the policy behind the statute.  *Kelso & Irwin, P.A. v. State Ins. Fund*, 134 Idaho 130, 134, 997 P.2d 591, 595 (2000).  Where the language of a statute is ambiguous, constructions that lead to absurd or unreasonably harsh results are disfavored.  *See Jasso v. Camas Cnty.*, 151 Idaho 790, 798, 264 P.3d 897, 905 (2011).

### III.

### ANALYSIS

Foresee argues that she is entitled to $25,000 UIM coverage benefits regardless of the offset limit provisions in the contract.  First, Foresee asserts that Idaho Code § 41-2502(1) requires Metropolitan to provide UIM coverage with a minimum limit of $25,000.  Next, Foresee asserts that, pursuant to the Idaho Supreme Court's recent decision in *Pena*, Metropolitan's UIM policy is illusory.  Foresee also argues that Metropolitan's UIM coverage is against public policy.  Finally, Foresee asserts that the UIM coverage limits in Metropolitan's policy will lead to absurd results.

In response, Metropolitan argues that the only statutory mandate imposed on the insurer is to offer UIM coverage. Metropolitan further contends that the UIM coverage at issue is neither illusory nor against public policy.

## A. Definition of Underinsured Driver

Idaho law governing insurance coverage disputes is well-established. The foremost principle is that an insurance policy is a contract. *Lanningham v. Farm Bureau Mut. Ins. Co. of Idaho*, 174 Idaho 157, 160, 551 P.3d 1251, 1254 (2024). The interpretation of an insurance policy is a question of law. *Fisher v. Garrison Prop. & Cas. Ins. Co.*, 162 Idaho 149, 153, 395 P.3d 368, 372 (2017). Therefore, as an initial matter, we address the language of the policy.

The most straightforward resolution in this matter is rooted in the definition of the UIM coverage. Metropolitan's policy defines an "underinsured motor vehicle" as follows:

> [A] motor vehicle which has a bodily injury liability insurance policy or bond in effect at the time of the accident. The bodily injury liability limits of the insurance policy or bond are in an amount equal to or greater than the minimum amount required by the state in which the **covered auto** is principally garaged. However, the *bodily injury liability limits of the insurance policy* or bond *are less than the limits of this coverage* provided by this policy as shown in the Declarations.

(Emphasis added).

This definition conforms with the statutory definition of the "underinsured motor vehicle." Idaho Code § 41-2503(2) defines an underinsured motor vehicle as "a motor vehicle that is covered by a policy of motor vehicle liability insurance or an indemnity bond, with limits for bodily injury or death at least equal to" statutory limits. Moreover, this statute specifies that UIM coverage is "subject to the further definitions, terms and conditions of [UIM] coverage." *Id*. To insert the statutory definition into a policy when the statute makes a definition subject to the insurance policy's terms and conditions would violate the well-established principle that the courts are not at liberty to rewrite the terms of an insurance contract. *Pena v. Viking Ins. Co. of Wis.*, 169 Idaho 730, 735-36, 503 P.3d 201, 206-07 (2022).

Applying the plain meaning of the words, the at-fault driver did not fit the definition of an underinsured motorist which would have triggered coverage under the policy. Coverage under this provision only applies when the owner or driver of the other vehicle maintains a policy with a lower coverage than the insured. Here, the at-fault driver's liability limit of $100,000 was greater

than, not less than, the $50,000 limit of Foresee's UIM coverage. Accordingly, the at-fault driver's vehicle was not an underinsured motor vehicle, and Metropolitan need not provide coverage.[1]

**B.      Illusory Coverage**

Foresee argues that Metropolitan's UIM coverage of $50,000 was illusory because of the offset provision. According to Foresee, the limiting clause created illusory coverage because she could never recover $25,000 of the $50,000 UIM coverage under the policy due to the minimum liability insurance statutory requirement of $25,000. In response, Metropolitan argues that, pursuant to the Idaho Supreme Court's holding in *Pena*, because Foresee's UIM coverage exceeds the minimum limit of liability coverage, it cannot be considered illusory.

Under Idaho law, coverage is illusory when "[t]he declarations page of the policy contains language and words of coverage, then by definition and exclusion takes away the coverage." *Pena*, 169 Idaho at 736, 503 P.3d at 207. "When a policy only provides an illusion of coverage for its premiums, the policy limitations and exclusions will be considered void as violating public policy." *Point of Rocks Ranch, L.L.C. v. Sun Valley Title Ins. Co.*, 143 Idaho 411, 414, 146 P.3d 677, 680 (2006); *see also Pena*, 169 Idaho at 737, 503 P.3d at 208. Therefore, when the insured pays a premium for a benefit that would never be available, the coverage is illusory and is contrary to public policy. *Pena*, 169 Idaho at 738, 503 P.3d at 209. The Idaho Supreme Court clarified that, where an insurance policy is illusory, "[j]ustice and fairness require" a court to "enforce the contract between [the insurer and insured] while prohibiting [the insurer] from relying on its definitions, exclusions or offset provisions." *Id.* at 740, 503 P.3d at 211.

Foresee relies on the Idaho Supreme Court's decision in *Pena* to support her illusory coverage argument. In *Pena*, the Idaho Supreme Court held a UIM policy illusory because the definitions and exclusions within the policy eliminated any possibility of receiving the benefit of that coverage. *Id.* at 738, 503 P.3d at 209. Pena carried UIM bodily-injury coverage in the amount of $25,000. *Id.* At the same time, the insurer excluded from the definition of an "**Underinsured motor vehicle**" a vehicle "[i]nsured by a **bodily injury** liability bond or policy at the time of the

---

[1]      While this specific argument was not raised by Metropolitan, this Court is tasked in this case with interpreting and applying the terms of the insurance contract together with the applicable Idaho Code sections. Nonetheless, this Court affirms the district court on the other bases set forth herein.

**car accident** but which provides **bodily injury** limits of liability less than the minimum **bodily injury** liability limits that comply with the financial responsibility law of the policy **state**." *Id.* Therefore, the only situation where Pena could collect the benefit of the UIM coverage was if he was involved in an accident with a driver insured under an out-of-state policy with lower minimum limits than that which is required under Idaho law. *Id.*

Here, Metropolitan's policy offers a realistic opportunity for recovery if the at-fault driver's insurance policy is less than $50,000, and the bodily injury damages exceed $25,000. In that circumstance, the insured could claim against his or her own UIM coverage for the remaining damages up to their policy limits. For example, if an accident results in $40,000 in damages, the at-fault driver's $25,000 policy limit is exhausted, leaving $15,000 unpaid--which can then be claimed under UIM coverage. This does not run afoul of the *Pena* decision. When UIM limits are in an amount greater than the minimum liability limits coverage purchased, the policy is not illusory since there is a greater likelihood that the offset liability limits will be less than the UIM limits affording the insured a realistic opportunity for a recovery. *See Pena*, 169 Idaho 730, 503 P.3d 201. Therefore, we affirm the district court's finding that the policy is not illusory.

## C.     Requirement to Provide UIM Coverage

Foresee argues that the language in I.C. § 41-2502(1) mandates the insurer to provide--not merely offer--UIM coverage equal to the minimum liability insurance policy limits. Foresee asserts that simply requiring an insurer to offer coverage assumes that the insured can accept or reject such policy "with the choice of any other coverage in an insurance contract." Foresee contends that the Idaho UIM statute, on the other hand, requires the insurer to issue UIM coverage unless the insured specifically rejects the coverage. Metropolitan argues that the only obligation in I.C. § 41-2502 is for the insurer to offer UIM coverage. Idaho Code § 41-2502 provides, in pertinent part:

> (1)     Except as otherwise provided in subsection (2) of this section, no owner's or operator's policy of motor vehicle liability insurance that is subject to the requirements of section 49-1212(1) or (2), Idaho Code, shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death as set forth in section 49-117, Idaho Code, as amended from time to time, under provisions approved by the director of the department of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured and

underinsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom.

> (2)     A named insured shall have the right to reject either or both uninsured motorist coverage or underinsured motorist coverage, which rejection must be in writing or in an electronic record as authorized by the uniform electronic transactions act, chapter 50, title 28, Idaho Code, and such rejection shall be effective as to all other insureds and named insureds; and after which such rejected coverage need not be provided in or supplemental to a renewal or replacement policy issued by the same insurer or an affiliate of that insurer.

This issue has been resolved by the Idaho Supreme Court in *Lanningham v. Farm Bureau Mut. Ins. Co. of Idaho*, 174 Idaho 157, 551 P.3d 1251 (2024). The Court in *Lanningham* determined that I.C. § 41-2502 "does not mandate that insurance companies provide UIM coverage." *Lanningham*, 174 Idaho at 165, 551 P.3d at 1259. *Lanningham* emphasized that UIM coverage is excess coverage and any policy holder is permitted to reject it in writing. *Id.*; *see* I.C. § 41-2502(2). Therefore, *Lanningham* supports Metropolitan's assertion that I.C. § 41-2502 only required it to offer the UIM coverage to the insured.

Foresee argues that *Lanningham* is distinguishable from the facts of this case because it addresses whether the heirs of the insured were entitled to the UIM benefits. Foresee also relies on *Eastman v. Farmers Ins. Co.*, 164 Idaho 10, 423 P.3d 431 (2018), which is cited in *Lanningham*. However, the facts in *Eastman* are also distinguishable. At issue in *Eastman* was the UIM coverage for injuries a passenger received in a van operated by a municipal transit authority that also had UIM coverage. Regardless of the underlying facts in *Eastman* or *Lanningham*, the Idaho Supreme Court agrees that "Idaho law requires that insurance companies offer UIM coverage with at least the minimum limits required by Idaho Code section 49-117 in all Idaho auto insurance policies." *Eastman*, 164 Idaho at 15, 423 P.3d at 436; *see Lanningham*, 174 Idaho at 165, 551 P.3d at 1259. We acknowledge that the Court in *Eastman* appears to use the terms "provide" and "offer" interchangeably. However, *Eastman* held that the Legislature clearly intended and "directed that underinsurance be offered to all of Idaho's drivers, which is a mandate." *Eastman*, 164 Idaho at 17-18, 423 P.3d at 438-39 (citation omitted).

Moreover, we note that "to provide" is not synonymous with to pay out. When an insurance company provides coverage, it offers coverage under certain conditions--not a guarantee of an automatic payment. Thus, an insurer may provide coverage under the terms of the policy but may not pay out if the claim does not meet the policy's requirements.

7

Therefore, we hold the only obligation imposed on the insurer pursuant to I.C. § 41-2502 is to offer UIM coverage to the insured and does not obligate the insurer to make a mandatory payment.

**D.    Public Policy**

Foresee argues that reduction of UIM coverage below $25,000 is void as against public policy. Foresee asserts that the offset provision within Metropolitan's UIM policy is void as against public policy because the offset prevented her from recovering the UIM coverage amount in addition to the at-fault driver's liability policy amount.

Whether an insurance policy violates public policy is a question of law for this Court to resolve. *Pena*, 169 Idaho at 734, 503 P.3d at 205. Idaho courts have held that an offset provision that reduces UIM limits by the amount of available liability coverage limits does not violate public policy because "difference in limits" UIM coverage was contemplated by the legislature when it amended Idaho law to require uninsured motorist and UIM coverage. *See Wood v. Farmers Ins. Co. of Idaho*, 166 Idaho 43, 45, 454 P.3d 1126, 1128 (2019); *see also Progressive Nw. Ins. Co. v. Lautenschlager*, 168 Idaho 841, 488 P.3d 509 (2021).

Foresee's argument rests on the premise that Idaho public policy allows only excess UIM coverage that would have provided the UIM benefits in addition to the at-fault driver's liability policy. However, the Idaho Supreme Court has specifically articulated that both excess and offset policies are legitimate in Idaho. *Wood*, 166 Idaho at 46, 454 P.3d at 1129. Moreover, so long as an offset provision reduces UIM coverage by the limit of the at-fault driver's bodily injury insurance and does not eliminate the coverage entirely, it does not run afoul of public policy. *Id.* Therefore, offset provisions that reduce the coverage are not against public policy. We affirm the district court's holding that Metropolitan's offset provision of the UIM coverage does not run afoul of public policy.

**E.    Absurd Results**

Lastly, Foresee argues that completely offsetting her UIM coverage would lead to absurd results. Foresee contends that she bargained for UIM coverage of $50,000 and deserves the benefit of her bargain. Foresee asserts that it will lead to an absurd outcome if she were to receive less benefits because she opted for more protection.

8

Foresee does not make an allowance for the two types of UIM coverage in Idaho. Foresee states that if a policyholder has $25,000 UIM coverage and a tortfeasor carries a $50,000 liability policy, the total insurance coverage amounts to $75,000. Foresee contrasts this scenario with one where a policyholder has $50,000 UIM coverage and a tortfeasor carries a $50,000 liability policy, and the total insurance coverage amounts to $50,000. However, these statements represent two different types of UIM coverage--offset coverage and excess coverage. With offset UIM coverage, the type of coverage Foresee carries, the first scenario would only yield $50,000 in total insurance coverage, while the excess coverage would stack the two limits, depending on the damages suffered, that would amount to $75,000. The second scenario would amount to $50,000 with offset UIM coverage and $100,000 with excess coverage. Both offset and excess coverage are allowed in Idaho. *Wood*, 166 Idaho at 46, 454 P.3d at 1129.

In this case, where the at-fault driver carries liability coverage that is two times greater than the UIM coverage with an offset provision, the only absurd outcome is to grant Foresee $25,000 under the UIM coverage in addition to the $100,000 she received from the at-fault driver's insurance company. It would put Foresee in a better position than she would have been had the at-fault driver had less liability insurance coverage than her UIM coverage.

The district court did not err in finding that no absurd results are possible under the circumstances of this case. Because Foresee failed to establish she was entitled to reimbursement under the terms of her UIM policy, the district court correctly granted summary judgment in favor of Metropolitan as there was no genuine issue of material fact to be determined at trial.

F. **District Court's Award of Attorney Fees**

The district court recognized that Foresee did not file a challenge to Metropolitan's requested grounds for attorney fees or the reasonableness of the attorney fees. There was no dispute that Metropolitan was the prevailing party. The district court held that Foresee's argument was not supported under the specific holdings in *Wood* or *Pena* nor pursuant to the express offset language of the insurance policy. The district court wrote that the crux of Metropolitan's motion for attorney fees was "whether or not the Court finds the case was brought frivolously, unreasonably or without foundation." Ultimately concluding that the argument for extending the law was not supported under the specific holdings in *Wood* or *Pena*, nor pursuant to the express

9

offset language of the insurance policy, attorney fees were awarded under both I.C. § 41-1839(4) and I.C. § 12-121.

Controlling Idaho authority directly addresses the validity of offset UIM provisions that exceed the minimum limits, finding they are not illusory. *See Pena*, 169 Idaho 730, 503 P.3d 201; *see also Wood*, 166 Idaho 43, 454 P.3d 1126. Metropolitan's counsel provided Foresee's counsel with the controlling authority and the opportunity to dismiss the complaint with prejudice, leaving each party to bear their own fees and costs. Foresee chose to pursue her claim. Because Foresee pursued and maintained this lawsuit frivolously, unreasonably and without foundation by ignoring controlling authority and disregarding an opportunity to resolve the claim without incurring attorney fees, we affirm the district court's award of attorney fees.

Foresee asks this Court to consider whether she is entitled to attorney fees pursuant to I.C. § 41-1839 because more than sixty days have elapsed since she requested payment under her insurance policy and I.C. § 41-1839 requires an award of fees where an insurer fails to tender an amount owed under an insured policy. As discussed above, Foresee is not owed "an amount" by Metropolitan under an insured policy and is therefore not entitled to attorney fees. Neither party requested attorney fees on appeal.

## IV.

## CONCLUSION

For the reasons set forth above, we affirm the district court's judgment dismissing complaint with prejudice and the award of attorney fees in favor of Metropolitan Group Property and Casualty Insurance Company. We award costs on appeal to Metropolitan as the prevailing party.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.

10